■ GORDON J. PHILLIPS, INC., et al., Respondents, v JOHN MAUME et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiffs, a construction company and its president, sued defendants, the Monroe County Water Authority (Authority) and John Maume, its manager of design and construction, based on memoranda Maume wrote in connection with plaintiffs' past performance on various Authority projects. Plaintiffs alleged that the memoranda and attachments contained false and defamatory statements and resulted in the Authority awarding two contracts to other contractors even though plaintiffs had submitted lower bids. Plaintiffs also alleged that defendants deprived them of their due process and equal protection rights under 42 USC § 1983.

Supreme Court properly denied defendants' motion for summary judgment seeking dismissal of plaintiffs' section 1983 claim. Plaintiffs alleged that defendants discriminated against them by failing to apply the same or similar standards to all contractors in determining the lowest responsible bidder on public works contracts. Defendants' motion papers fail to establish that plaintiffs' equal protection claim lacks merit as

a matter of law *(see, Three Rivs. Cablevision v City of Pittsburgh,* 502 F Supp 1118, 1133).

Supreme Court also properly denied defendants' motion for summary judgment seeking dismissal of plaintiffs' punitive damages claims. There is a question of fact whether the Authority is a public benefit corporation entitled to an exemption from such damages *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 386-387). Defendant Maume may also be liable for punitive damages for torts committed within the scope of his employment *(see, Sharapata v Town of Islip,* 56 NY2d 332, 338).

Supreme Court erred, however, in denying defendants' motion for summary judgment seeking dismissal of plaintiffs' defamation cause of action. The alleged defamatory statements were privileged because they were made by Maume in the discharge of his public duty *(see, Toker v Pollak,* 44 NY2d 211, 219) to the Authority, which itself was privileged under the circumstances *(see, Stukuls v State of New York,* 42 NY2d 272, 277-279). Moreover, plaintiffs have failed to establish that the statements were made with actual malice *(see, Clark v Somers,* 162 AD2d 982, 983). The existence of earlier disputes between the parties is insufficient *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56, 64; *Friedman v Ergin,* 110 AD2d 620, 621, *affd* 66 NY2d 645).

We have considered the remaining contentions raised by each party and find them lacking in merit. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.