■ MONROE COUNTY WATER AUTHORITY et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent. [600 NYS2d 862] —Order unanimously reversed on the law with costs and judgment granted in accordance with the following Memorandum: Defendant Travelers Insurance Company issued a comprehensive general liability insurance policy to plaintiff Monroe County Water Authority (Authority). The Authority was sued along with plaintiff John Maume by Gordon J. Phillips, Inc., and Gordon J. Phillips individually in December of 1986 (the Phillips action). The complaint in that action asserted a defamation cause of action based upon a memorandum Maume wrote in connection with the past performance of Gordon J. Phillips, Inc., on various Authority projects. An amended complaint served in November of 1988 asserted two additional causes of action alleging that Gordon J. Phillips, Inc., was deprived of its constitutional and statutory rights under 42 USC § 1983 by virtue of plaintiffs' conduct. Both parties moved for summary judgment. On appeal to this Court, we held that Supreme Court erred in failing to dismiss the defamation cause of action because the alleged statements were privileged *(Gordon J. Phillips, Inc. v Maume,* 174 AD2d

986, *lv dismissed* 78 NY2d 1071). Defendant subsequently notified plaintiffs that its policy did not provide coverage for the allegations regarding civil rights violations and that it would no longer pay for defense costs related to the Phillips action. Plaintiffs commenced this declaratory judgment action seeking a declaration that defendant is obligated to defend and indemnify them in the underlying action.

Supreme Court erred in dismissing the complaint. The duty of an insurer to defend is broader than the duty to indemnify *(Technicon Elec. Corp. v American Home Assur. Co.,* 74 NY2d 66, 73). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be" *(Insurance Co. v Chinoise Rest. & Trading Corp.,* 85 AD2d 712, 713). The policy issued by defendant provided coverage for personal injury arising out of "a publication or utterance * * * of a libel or slander or defamatory or disparaging material". The facts alleged in support of the second and third causes of action include the publication and circulation of the memorandum authored by Maume. The conduct alleged therefore fell within the policy coverage because it included the publication or utterance of disparaging material. Therefore, we grant judgment declaring that defendant is obligated to provide a defense for plaintiffs in the Phillips action.

We also conclude that defendant is estopped from denying coverage because it failed to provide a timely notice of disclaimer. Defendant did not notify plaintiffs of the disclaimer until April 2, 1992, some three years and four months after the amended complaint was served. The notice, delivered long after defendant undertook the defense of the case and had control of the litigation, is untimely and prejudicial *(see, Schiff Assocs. v Flack,* 51 NY2d 692; *Sullivan County v State of New York,* 137 AD2d 165, 168-169). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.