■ Julia Brennan, Respondent, v Liberty Mutual Fire Insurance Company, Appellant, and Donald F. Smith, Respondent. [612 NYS2d 237] —In an action for a judgment declaring that the defendant Liberty Mutual Fire Insurance Company must defend and indemnify Donald F. Smith with respect to the plaintiff's counterclaim in a pending negligence action, the defendant Liberty Mutual Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated October 22, 1992, as granted the plaintiff's motion for summary judgment directing it to defend and indemnify Donald F. Smith, and denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is denied, the cross motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that Liberty Mutual Insurance Company is not obligated to defend and indemnify Donald F. Smith in the underlying negligence action.

The plaintiff has failed to proffer any evidence to establish a contractual duty on behalf of the defendant Liberty Mutual Fire Insurance Company (hereinafter Liberty) to defend or indemnify the insured, Donald F. Smith, with respect to the pending negligence action involving an injury sustained by the insured's son at the plaintiff's swimming pool in Florida. On this record, we find that Smith's homeowner's insurance policy with Liberty specifically excluded from coverage the injury in this case.

Contrary to the plaintiff's contention, Liberty's disclaimer in this case was valid. Insurance Law § 3420 (d) requires an insurer to provide reasonably prompt written notice of a disclaimer of accidents which occur *within the State of New York* to the insured, the injured person, or "any other claimant" *(cf., Newman v Ketani,* 54 AD2d 926). Since the accident in this case occurred in Florida, Insurance Law § 3420 (d) is inapplicable *(see generally, Matter of Sentry Ins. Co. [Amsel],* 36 NY2d 291; *Bellafonte Re-Ins. Co. v Volkswagenwerk AG,* 102 AD2d 753; *Grening v Empire Mut. Ins. Co.,* 101 AD2d 550, 552; *Ogden Corp. v Travelers Indem. Co.,* 739 F Supp 796, 803, *affd* 924 F2d 39). Accordingly, without deciding whether timely written notice was given to the insured under Insurance Law § 3420 (d), or whether the plaintiff was a "claimant" within the meaning of Insurance Law § 3420 (d), Liberty was not precluded from disclaiming liability.

In light of our determination, it is unnecessary to decide the parties' remaining contentions. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.