UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v NEW YORK, SUSQUEHANNA AND WESTERN RAILWAY CORP., Respondent. [713 NYS2d 624] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In September 1987, James VanFleet, an employee of defendant, sustained injuries in Oakland, New Jersey, when he was pinned between a Gradall and a Chevrolet pick-up truck, both owned by defendant. Plaintiff, which issued a business auto policy to defendant's parent corporation, was notified of the accident in April 1989. In August 1990, VanFleet commenced an action under the Federal Employers' Liability Act (45 USC § 51 *et seq.*) in Federal district court against defendant and its parent corporation. Upon being served with the summons and complaint in that action, defendant forwarded them to its insurance agent and to its attorneys. Plaintiff assumed the cost of defendant's defense in the VanFleet action by paying the fees of defendant's attorneys. Plaintiff communicated regularly with defendant's attorneys, requesting information and documents. Plaintiff never sent a reservation of rights or disclaimer letter.

Trial of the VanFleet action was scheduled to commence in late September 1991. Defendant's attorneys engaged in settlement discussions with VanFleet's attorney. Six days before trial was to commence and on the eve of a settlement conference with the court, plaintiff indicated that it was considering disclaiming coverage on the grounds that defendant failed to provide prompt notice of the accident, the policy excludes coverage for injuries to employees of the insured, and the Gradall is not a covered auto within the policy definition. Defendant's attorney objected on the ground that plaintiff had not reserved its rights to disclaim on any ground and that plaintiff's late notice of disclaimer was jeopardizing a favorable settlement of the case. Plaintiff indicated that it would pay the settlement amount only if defendant agreed to litigate the coverage issues and, if coverage was not found, to reimburse plaintiff for the amount of the settlement as well as the costs of defending the action. Defendant signed the agreement and the VanFleet action was settled.

Plaintiff then commenced this declaratory judgment action,

seeking a declaration that it was not obligated to defend or indemnify defendant in the VanFleet action. Defendant contended that plaintiff had failed to comply with Insurance Law § 3420 (d) and therefore had waived its right to assert defendant's late notice and the policy exclusions as grounds for disclaimer. Plaintiff countered that Insurance Law § 3420 (d) does not apply because the accident occurred in New Jersey, and that it could not be equitably estopped from asserting lack of coverage because defendant had failed to demonstrate prejudice.

Supreme Court denied plaintiff's motion for summary judgment, granted defendant's cross motion for summary judgment and dismissed the complaint. The court concluded that Insurance Law § 3420 (d) applied despite the occurrence of the accident outside of New York and that plaintiff's failure to provide a timely disclaimer precluded plaintiff from contending that defendant's notice was untimely, that the employee exclusion applies and that the Gradall is not a covered auto.

We agree with the court that plaintiff is obligated to defend and indemnify defendant, but our reasoning differs. We conclude, however, that the court erred in dismissing the complaint (see, Boyd v Allstate Life Ins. Co., 267 AD2d 1038, 1039; Tumminello v Tumminello, 204 AD2d 1067). We modify the judgment, therefore, by vacating the provision dismissing the complaint.

The court erred in concluding that Insurance Law § 3420 (d) applies. That section, by its terms, applies only to accidents "occurring within this state" (see, American Ref-Fuel Co. v Employers Ins. Co., 265 AD2d 49, 52; Brennan v Liberty Mut. Fire Ins. Co., 204 AD2d 675, 676; Kamyr, Inc. v St. Paul Surplus Lines Ins. Co., 152 AD2d 62, 67). We conclude, however, that plaintiff is equitably estopped " 'from asserting that the policy does not cover the claim' " (O'Dowd v American Sur. Co., 3 NY2d 347, 355; see also, Schiff Assocs. v Flack, 51 NY2d 692, 699; Monroe County Water Auth. v Travelers Ins. Co., 195 AD2d 1043, 1044). Plaintiff undertook the defense of the VanFleet action and did not reserve its rights under the policy. Although defendant was represented by the attorneys of its choice, the attorneys shared information with plaintiff, provided plaintiff with status reports, conducted depositions with the approval of plaintiff and entered into settlement discussions with plaintiff's knowledge. Plaintiff's first assertion of a possible disclaimer on the eve of the settlement conference placed in jeopardy a favorable settlement negotiated by defendant's attorneys, and forced defendant to agree to litigate

the coverage issues in order to save the settlement. In our view, defendant demonstrated prejudice from the late disclaimer sufficient to estop plaintiff from asserting that there was no coverage (*see, Monroe County Water Auth. v Travelers Ins. Co., supra,* at 1044; *cf., Fairmont Funding v Utica Mut. Ins. Co.,* 264 AD2d 581). (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.