■ FRANK BIALY et al., Appellants-Respondents, v HONEYWELL INTERNATIONAL INC., Respondent-Appellant. [853 NYS2d 801]—

Memorandum: Plaintiffs, either former employees of Allied Chemical Corporation (Allied) or beneficiaries of those former employees, commenced this action for breach of contract, fraudulent misrepresentation, and negligence. In 1977 Allied sold its dye plant to Buffalo Color Corporation (Buffalo Color) and, pursuant to a letter agreement (agreement) signed by representatives of Allied and Buffalo Color, Allied's employees were offered the opportunity to continue their employment with Buffalo Color "at the identical rate of compensation and with essentially the same fringe benefits" as they had been receiving from Allied. The agreement further provided that "the total pension benefits . . . will be the same as they would have been if the sale had not been effected and [the employee] had continued [his or her] employment with Allied," and the level of, inter alia, medical insurance would be "substantially equivalent to [that] provided by [Allied] currently." According to plaintiffs, however, Buffalo Color stopped its contributions for employee medical benefits after encountering financial difficulties in March 2002 and, in approximately August 2003, the Pension Benefit Guaranty Company took control of Buffalo Color's pension plans based on Buffalo Color's failure to make required payments. As a result, there was a reduction in the monthly pension benefits for those employees under the minimum age for Social Security benefits, whereupon plaintiffs commenced this action against defendant, the successor in interest to the liabilities of Allied.

Contrary to the contention of plaintiffs on their appeal, Supreme Court properly granted defendant's motion to dismiss the amended complaint on the ground that the causes of action were preempted by the Employee Retirement Income Security Act of 1974 (ERISA) (29 USC § 1001 *et seq.*; *see* 29 USC § 1144 [a]). Pursuant to the ERISA preemption provision, the statute "shall supersede any and all State laws insofar as they may now

or hereafter relate to any employee benefit plan" covered by ERISA (29 USC § 1144 [a]). The preemption provision is expansive (*see e.g. California Div. of Labor Standards Enforcement v Dillingham Constr., N.A., Inc.*, 519 US 316, 324 [1997]; *Ingersoll-Rand Co. v McClendon*, 498 US 133, 138 [1990]; *Shaw v Delta Air Lines, Inc.*, 463 US 85, 98 [1983]; *see also Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 394 [2006]), and it has been determined that "[a] law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan" (*Shaw*, 463 US at 96-97).

Here, plaintiffs alleged, inter alia, that they did not receive the same benefits that they would have received had they continued their employment with Allied and that the reduction in benefits was in breach of the agreement, pursuant to which they were to receive the same benefits. Because the causes of action in the amended complaint refer to and are premised upon the existence of an ERISA plan, the court properly determined that they are preempted by ERISA (*see Ingersoll-Rand Co.*, 498 US at 140; *Smith v Dunham-Bush, Inc.*, 959 F2d 6, 7-10 [1992]). The fact that plaintiffs have no remedy under ERISA is not relevant in determining whether their instant causes of action are preempted by ERISA (*see e.g. Custer v Pan Am. Life Ins. Co.*, 12 F3d 410, 418-419 [1993]; *Smith*, 959 F2d at 11; *Kishter v Principal Life Ins. Co.*, 186 F Supp 2d 438, 447 [2002]). "ERISA's preemptive reach is broader than its remedial provisions" (*De Pace v Matsushita Elec. Corp. of Am.*, 257 F Supp 2d 543, 572 [2003]).

We agree with defendant on its cross appeal, however, that the court abused its discretion in sua sponte granting plaintiffs leave to replead "any causes of action that they may have under ERISA that are cognizable in State court," and we therefore modify the order accordingly. Inasmuch as plaintiffs did not seek that relief, they necessarily have not established that any proposed amendment "is not patently lacking in merit" (*A.W. v County of Oneida*, 34 AD3d 1236, 1238 [2006]). Present— Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ. [*See* 12 Misc 3d 1189(A), 2006 NY Slip Op 51497(U).]