■ Metal Goods and Manufacturers Insurance Trust Fund, Appellant, v Advent Tool & Mold, Inc., et al., Respondents, et al., Defendants. [877 NYS2d 787]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered February 6, 2008. The order, inter alia, granted the cross motion of defendants West Falls Machine, Inc. and Precision Mfg., Inc. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a group self-insurance trust fund created pursuant to Workers' Compensation Law § 50 (3-a), commenced this action seeking to collect assessments made against, inter alia, defendants-respondents (hereafter, defendants), former members of plaintiff. Supreme Court granted the cross motion of defendants West Falls Machine, Inc. and Precision Mfg., Inc. for summary judgment dismissing the complaint against them and the cross motion of the remaining defendants for partial summary judgment on their first counterclaim, seeking a determination that they are not liable for the assessments. We affirm.

Pursuant to its "Agreement and Declaration of Trust" (trust agreement), plaintiff was authorized to collect "an additional payment by the Employers in the form of a rate increase[,] which rate increase shall be sufficient to make up any deficiency" in the event that the trust was underfunded. The 14 defendants who were no longer members of plaintiff at the time the assessments in question were made met their initial burden on their cross motions by establishing that they were not "Employers" within the meaning of the trust agreement. The three defendants who were active members of plaintiff at the time the assessments were made also met their initial burden by establishing that they were not liable for the assessments (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that the term "rate increase" in the trust agreement includes retroactive assessments, we

conclude that the assessments here were levied against only a certain class of plaintiff's members, i.e., those who were members from 1993 to 2001 and had loss ratios greater than 30%, and such unequal treatment was not authorized by the unambiguous terms of the trust agreement. We reject plaintiff's contention that the court erred in considering a letter from the president of plaintiff's third-party administrator inasmuch as the record establishes that the court based its determination entirely on the unambiguous terms of the trust agreement.

We further conclude that plaintiff failed to raise a triable issue of fact in opposition to the cross motions (see generally id.). Contrary to plaintiff's contention, defendants were not liable for the assessments pursuant to the Workers' Compensation Law or its corresponding regulations with respect to group self-insurance (see 12 NYCRR 317.1 et seq.). Pursuant to 12 NYCRR 317.9 (b) (7), an underfunded "group self-insurer may be required to immediately levy an assessment upon the group members . . . in order to make up the deficiency" at the discretion of the chair of the Workers' Compensation Board (Board). Here, the Board determined that plaintiff was underfunded, but it did not require such assessments to be levied as one of the remedial conditions imposed upon plaintiff. Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ. [See 19 Misc 3d 608.]