# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**471**

**CA 10-01743**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

PROGRESSIVE NORTHEASTERN INSURANCE COMPANY,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

FARMERS NEW CENTURY INSURANCE COMPANY,
DEFENDANT-RESPONDENT,
MEGAN R. LINDHURST, DEFENDANT-APPELLANT,
AND JAMES A. BLAZINA, DEFENDANT.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (ERIN L. CODY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

KAPLAN, HANSON, MCCARTHY, ADAMS, FINDER & FISHBEIN, WILLIAMSVILLE (NICOLE B. PALMERTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered May 27, 2010. The order and judgment, inter alia, granted the motion of defendant Farmers New Century Insurance Company and the cross motion of plaintiff for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that it is not required to provide coverage to any of the defendants in connection with a one-vehicle collision. The vehicle involved was owned by defendant Megan R. Lindhurst, who had purchased an automobile insurance policy from defendant Farmers New Century Insurance Company (Farmers). Defendant James A. Blazina, who had purchased an automobile insurance policy from plaintiff, was a passenger in that vehicle. Contrary to the contention of Lindhurst on appeal, Supreme Court properly granted the respective motion of Farmers and the cross motion of plaintiff for summary judgment and declared, inter alia, that neither insurer was obligated to provide coverage for the collision. "[A]n issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). As a result of the one-car collision in question, Blazina was convicted of, inter alia, criminal mischief in the fourth degree due

to his actions in turning the steering wheel of the vehicle driven by Lindhurst when he had "no right to do so nor any reasonable ground to believe that he . . . ha[d] such right" (Penal Law § 145.00). Thus, the issues whether Blazina had a "reasonable belief" that he was entitled to use the vehicle, as required in order to qualify as an insured user under the Farmers policy, and whether he had "express or implied permission" to use the vehicle, as required in order to qualify for coverage under plaintiff's policy, have been conclusively resolved in the criminal proceeding with respect to both Lindhurst and Blazina (*see generally D'Arata*, 76 NY2d at 665). Contrary to Lindhurst's contention that plaintiff did not "definitively" disclaim coverage, we note that plaintiff was not required to provide "notice [of disclaimer] when there never was any insurance in effect" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 138). In any event, an insurer will not be estopped from disclaiming coverage where, as here, it timely "reserve[d] its right to claim that the policy does not cover the situation at issue, while defending the action" (*O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355).

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court