# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**213**

**CA 11-00538**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

INTER-COMMUNITY MEMORIAL HOSPITAL OF NEWFANE,
INCORPORATED AND INTEGRATED CARE SYSTEMS, LLC,
DOING BUSINESS AS NEWFANE REHABILITATION &
HEALTH CARE CENTER,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                MEMORANDUM AND ORDER

THE HAMILTON WHARTON GROUP, INC., WALTER B.
TAYLOR, AS MANAGING DIRECTOR OF NEW YORK HEALTH
CARE FACILITIES WORKERS' COMPENSATION TRUST AND
INDIVIDUALLY, DEFENDANTS-APPELLANTS-RESPONDENTS,
CATHY MADDEN, LINDA VILLANO, PHYLLIS ETTINGER,
PATRICIA HUBER, ROSA BARKSDALE, SAM HARTE, DANIEL
MUSHKIN, TIMOTHY FERGUSON, JANE DOE AND JOHN DOE,
AS TRUSTEES OF NEW YORK HEALTH CARE FACILITIES
WORKERS' COMPENSATION TRUST,
DEFENDANTS-RESPONDENTS,
MATTHEWS, BARTLETT & DEDECKER, INC., NOW KNOWN
AS M&T INSURANCE AGENCY, INC., ET AL., DEFENDANTS.

---

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, WILLIAMSVILLE (BRIAN WISNIEWSKI
OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS THE HAMILTON
WHARTON GROUP, INC. AND WALTER B. TAYLOR, AS MANAGING DIRECTOR OF NEW
YORK HEALTH CARE FACILITIES WORKERS' COMPENSATION TRUST AND
INDIVIDUALLY.

WATSON BENNETT COLLIGAN JOHNSON & SCHECHTER, L.L.P., BUFFALO (MELISSA
A. DAY OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT DANIEL MUSHKIN.

HOGAN WILLIG, AMHERST (STEVEN G. WISEMAN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS SAM HARTE AND TIMOTHY FERGUSON.

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (JOSEPH E. ZDARSKY OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, ALBANY (BENJAMIN F.
NEIDL OF COUNSEL), FOR DEFENDANT-RESPONDENT PHYLLIS ETTINGER.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (R. SCOTT ATWATER OF
COUNSEL), FOR DEFENDANT-RESPONDENT ROSA BARKSDALE.

LAW OFFICE OF BRUCE S. ZEFTEL, BUFFALO (BRUCE S. ZEFTEL OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS CATHY MADDEN AND PATRICIA HUBER.

LAW OFFICES OF PATRICK J. SULLIVAN, MINEOLA (PATRICK J. SULLIVAN OF COUNSEL), FOR DEFENDANT-RESPONDENT LINDA VILLANO.

SALTARELLI & ASSOCIATES, P.C., TONAWANDA (MARK E. SALTARELLI OF COUNSEL), FOR DEFENDANT-RESPONDENT JOHN DOE, AS TRUSTEE OF NEW YORK HEALTH CARE FACILITIES WORKERS' COMPENSATION TRUST.

---------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Niagara County (John M. Curran, J.), entered May 20, 2010. The order, among other things, upon the motions of defendants-appellants-respondents and defendants-respondents, dismissed the amended complaint in part.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the first ordering paragraph granting plaintiffs leave to replead the second and third causes of action, by vacating the third ordering paragraph, and by denying the motions of defendants-appellants-respondents and defendants-respondents insofar as they sought dismissal of the fourth and seventh causes of action in their entirety and reinstating those causes of action to the extent that they are based upon breaches that occurred within six years prior to the commencement of the action, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, formerly active members in a group self-insurance trust fund created pursuant to Workers' Compensation Law § 50 (3-a), commenced this action seeking to recover, inter alia, damages for the amounts that had been levied against them to account for the trust's financial deficits. As relevant to the appeal, plaintiffs sued defendants The Hamilton Wharton Group, Inc. (HWG) and Walter B. Taylor, HWG's sole owner and controlling principal (collectively, HWG and Taylor), as program administrator and managing director of the trust, as well as individual trustees, for negligence, gross negligence, breach of contract, and breach of fiduciary duty. As a preliminary matter, we note that the motion of defendant Phyllis Ettinger seeking to strike point IV of plaintiffs' reply brief was denied by this Court, with leave to renew the motion at oral argument of the appeal. Ettinger in fact renewed the motion at oral argument, and we hereby grant it. We further note that plaintiffs have abandoned any contentions with respect to the dismissal of the causes of action for negligence, gross negligence, and breach of fiduciary duty against all of the individual trustees (see *Ciesinski v Town of Aurora*, 202 AD2d 984, 984; see also *Johnson v Bauer Corp.*, 71 AD3d 1586, 1587). We also do not consider two additional arguments. With respect to the first argument, the failure of any party to "furnish this Court with a copy of [the second] amended complaint prevents consideration of [the] argument that such pleading moots the appeal" (*Pier 59 Studios L.P. v Chelsea Piers L.P.*, 27 AD3d 217, 217; see *American Express Travel Related Servs. Co. v North Atl. Resources*, 261 AD2d 310, 310-311). With respect to the second argument, i.e., that plaintiffs have a potential derivative cause of action for breach of contract, that argument is raised for the first time on appeal and thus is not properly before us (see *Ciesinski*, 202 AD2d at 985).

We agree with HWG and Taylor that Supreme Court abused its discretion in granting plaintiffs leave, sua sponte, to replead the second and third causes of action, for negligence and gross negligence, respectively, against them.  "New York does not recognize tort claims arising out of the negligent performance of a contract" (*Verizon N.Y., Inc. v Barlam Constr. Corp.* [appeal No. 2], 90 AD3d 1537, 1538; *see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551) and, here, plaintiffs have not alleged the breach of a duty independent of a contract (*see Pacnet Network Ltd. v KDDI Corp.*, 78 AD3d 478, 479). The court speculated that plaintiffs might be able to plead a viable cause of action under one of the three exceptions set forth in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 138-140), but even assuming, arguendo, that plaintiffs' allegations are true and according them the benefit of every possible favorable inference (*see generally Leon v Martinez*, 84 NY2d 83, 87-88), we conclude that plaintiffs cannot state a cause of action under any *Espinal* exception (*see Sommer*, 79 NY2d at 552).  We therefore modify the order accordingly.

We further conclude that the court abused its discretion in the third ordering paragraph in sua sponte allowing plaintiffs, upon repleading the second and third causes of action, to assert a new cause of action for indemnification.  "Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Letterman v Reddington*, 278 AD2d 868; *see* CPLR 3025 [b]; *Nastasi v Span, Inc.*, 8 AD3d 1011, 1013; *Nizam v Friol*, 294 AD2d 901, 902), and "[t]he decision to allow or disallow the amendment is committed to the court's discretion" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *see Fingerlakes Chiropractic v Maggio*, 269 AD2d 790, 791). Here, however, plaintiffs did not seek leave to amend their amended complaint to add the indemnification cause of action, so "they necessarily have not established that any proposed amendment 'is not patently lacking in merit' " (*Bialy v Honeywell Intl. Inc.*, 49 AD3d 1328, 1330, *lv denied* 10 NY3d 714).  We therefore further modify the order accordingly.

Turning to the fourth and seventh causes of action, for breach of contract against HWG and Taylor and against the individual trustees, respectively, we conclude that the court erred in dismissing them in their entirety as time-barred.  Although plaintiffs withdrew from active participation in the trust in 2001, they continued to have claims with the trust, and they continued to be jointly and severally liable for the deficits of the trust.  Thus, the obligations of the parties as set forth in the operative trust documents continued beyond the period of plaintiffs' active membership.  The court therefore erred in holding that any breach of contract for which plaintiffs seek damages occurred when plaintiffs were members of the trust, i.e., more than six years before the commencement of this action.

It is well settled that, "where a contract provides for continuing performance over a period of time, each breach may begin the running of the statute [of limitations] anew such that accrual occurs continuously and plaintiffs may assert claims for damages occurring up to six years prior to filing of the suit" (*Airco Alloys*

*Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 80; *see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 65 AD3d 1226, 1228).  Because the record does not disclose the precise nature and timing of the breaches alleged by plaintiffs, we conclude that HWG and Taylor and the individual trustees have not met their burden of establishing that plaintiffs have no cause of action for breach of contract.  We therefore further modify the order accordingly with respect to the fourth and seventh causes of action.  We note that those causes of action may contemplate as a component of damages the pro rata deficit assessments against plaintiffs.  Damages are an essential element of a breach of contract cause of action (*see Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055), and, here, plaintiffs could not allege damages for the pro rata deficit assessments until those assessments were levied against them by the Workers' Compensation Board (*see State of N.Y., Workers' Compensation Bd. v A & T Healthcare, LLC*, 85 AD3d 1436, 1437-1438; *see also Metal Goods & Mfrs. Ins. Trust Fund v Advent Tool & Mold, Inc.*, 61 AD3d 1412, 1414).  That occurred on June 30, 2005.  Plaintiffs' original complaint was filed on June 27, 2008, and thus the pro rata deficit assessments as a component of damages are well within the six-year statute of limitations for contracts.

Finally, contrary to the contention of HWG and Taylor, the court properly denied that part of their motion seeking to dismiss the action against Taylor, individually.  Granting the amended complaint a liberal construction (*see Leon*, 84 NY2d at 87-88), we conclude that it states a cause of action against Taylor, individually, particularly in light of the evidence in the record that HWG "and/or Walter B. Taylor" was approved to serve as program administrator of the trust.

Entered:  March 16, 2012                         Frances E. Cafarell
                                                 Clerk of the Court