# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**705**
**CA 12-02360**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

ANGEL WILLIAMS AND EMERY G. BULLUCK, JR.,
PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

BURGIO, KITA & CURVIN, BUFFALO (STEVEN P. CURVIN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LAW OFFICES OF JAMES MORRIS, BUFFALO (WILLARD M. POTTLE, JR., OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Shirley Troutman, J.), entered October 3,
2012. The judgment granted the motion of plaintiffs for summary
judgment, declared that defendant is obligated to indemnify plaintiff
Emery G. Bulluck, Jr., and directed that a judgment be entered in
favor of plaintiff Angel Williams and against defendant in the amount
of $122,036.86.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, defendant's motion for
leave to amend its answer is granted, and plaintiffs' motion for
summary judgment on the amended complaint and for a declaratory
judgment is denied.

Memorandum: Plaintiffs commenced this action pursuant to
Insurance Law § 3420 (a) (2) seeking a monetary judgment for damages
in the underlying negligence action that plaintiff Angel Williams
commenced against plaintiff Emery G. Bulluck, Jr. based upon injuries
inflicted on her by Bulluck in his home. Bulluck's home was allegedly
insured by defendant (property). With respect to the underlying
action, defendant had disclaimed coverage on the grounds that
Bulluck's assaultive conduct was intentional and that it was not
provided with timely notice of the incident, but nevertheless agreed
to provide him a defense. Williams and Bulluck settled the underlying
action for the policy limit. In its answer, defendant asserted
affirmative defenses alleging, inter alia, that the policy does not
provide coverage because the incident is not an "occurrence" within
the meaning of the policy and plaintiffs failed to provide reasonably
prompt notice of the incident, and that Bulluck's intentional actions

are excluded from coverage.  Following depositions of Bulluck and his mother, the owner of the property, defendant moved for leave to amend its answer to add affirmative defenses alleging, inter alia, that there is no coverage under the policy because Bulluck is not "an insured" under the policy and that, inasmuch as the owner did not live at the property, the incident did not occur at an insured location. Plaintiffs moved for summary judgment in the amount of the judgment in the underlying action and for a declaration that defendant is required to provide coverage to Bulluck.  Supreme Court denied defendant's motion seeking leave to amend the answer on the ground that defendant was estopped from alleging that there was no coverage on the bases set forth in the proposed amendment because such an amendment would cause undue prejudice to plaintiffs.  The court also granted plaintiffs' motion in its entirety, and thereby declared that defendant was obligated to indemnify Bulluck and granted judgment to Williams in the amount of $122,036.86.  We reverse.

It is well established that " '[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*Inter-Community Mem. Hosp. of Newfane v Hamilton Wharton Group, Inc.*, 93 AD3d 1176, 1178; *see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959).  Here, the court denied leave to amend the answer on the ground that Williams had negotiated the settlement in the underlying action with the understanding that defendant was disclaiming coverage on the bases set forth in its disclaimer letter, and the court determined that "[t]o alter the playing field now, after several years of litigation and a judgment, with known strategies and positions in mind, would constitute unfair surprise to the [p]laintiffs and unduly prejudice them."  Although the determination whether to deny a motion for leave to amend a pleading rests within the court's sound discretion, we conclude that, on these facts, the court abused its discretion in denying defendant's motion (*see Holst v Liberatore*, 105 AD3d 1374, 1374).

Because it is undisputed that the named insured, Bulluck's mother, did not live at the property and that Bulluck lived alone at the time of the incident, we conclude that the proposed amendment is " 'not patently lacking in merit' " (*Inter-Community Mem. Hosp. of Newfane*, 93 AD3d at 1178).  We note that, if defendant establishes its proposed affirmative defense that the claim falls outside the scope of the policy's coverage, it would have no duty to provide a timely notice of disclaimer to Bulluck, the purported insured, on that basis (*see Progressive Northeastern Ins. Co. v Farmers New Century Ins. Co.*, 83 AD3d 1519, 1520; *see generally Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189).  Additionally, we conclude that the court erred in determining that Williams would suffer prejudice as a result of the proposed amendment.  " 'Prejudice may be found where a party has incurred some change in position or hindrance in the preparation of its case which could have been avoided *had the original pleading contained the proposed amendment*' " (*Bryndle v Safety-Kleen Sys., Inc.*, 66 AD3d 1396, 1396, quoting *Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [emphasis added]; *see Ward v City of*

*Schenectady*, 204 AD2d 779, 781).  Here, the alleged prejudice would not have been avoided had the original answer contained the proposed amendment.  "[T]he fact that an amended pleading may defeat a party's cause of action is not a sufficient basis for denying [a] motion to amend" (*Matter of Gagliardi v Board of Appeals of Vil. of Pawling*, 188 AD2d 923, 923, *lv denied* 81 NY2d 707).

We further conclude that the court erred in determining that defendant is estopped from asserting that there is no coverage under the policy on the grounds set forth in the proposed amendment.  "The doctrine of estoppel precludes an insurance company from denying or disclaiming coverage where the proper defending party[, here, Bulluck,] relied to [his] detriment on that coverage and was prejudiced by the delay of the insurance company in denying or disclaiming coverage based on 'the loss of the right to control [his] own defense' " (*Merchants Mut. Ins. Group v Travelers Ins. Co.*, 24 AD3d 1179, 1182).  Here, although defendant provided Bulluck with a defense, it had expressly disclaimed coverage and reserved its right to assert further grounds for noncoverage (*cf. United States Fid. & Guar. Co. v New York, Susquehanna & W. Ry. Corp.*, 275 AD2d 977, 978; *see generally Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 699).  We therefore conclude that defendant is not estopped from asserting a lack of coverage on the grounds set forth in the proposed amendment. Thus, we conclude that the court erred in granting summary judgment to Williams and declaring that defendant was obligated to indemnify Bulluck.

Entered:  July 5, 2013                    Frances E. Cafarell
                                          Clerk of the Court