Merchants Preferred Ins. Co. v Campbell (2024 NY Slip Op 03976)

Merchants Preferred Ins. Co. v Campbell

2024 NY Slip Op 03976

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

457 CA 23-00753

[*1]MERCHANTS PREFERRED INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v
JUNIOR M. CAMPBELL, DOING BUSINESS AS JMC QUALITY AIR, GERALD BREMMER, DEFENDANTS, AND ROSE CHARLEUS, DEFENDANT-RESPONDENT. 

HURWITZ & FINE P.C., BUFFALO (BRIAN D. BARNAS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JAMES I. MYERS, PLLC, WILLIAMSVILLE (JAMES I. MYERS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 25, 2023, in a declaratory judgment action. The order and judgment, inter alia, granted the motion of defendant Rose Charleus for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion of defendant Rose Charleus and reinstating the complaint, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking a judgment declaring that it has no duty to defend or indemnify defendants Junior M. Campbell, doing business as JMC Quality Air (JMC), and Gerald Bremmer in a personal injury action commenced against them in Florida by defendant Rose Charleus. The underlying action arises from a motor vehicle accident that occurred in Florida in August 2017 when Bremmer, an employee of JMC, was operating a vehicle owned by JMC and insured by plaintiff pursuant to a commercial automobile liability policy. According to Charleus, the van struck her vehicle from behind at an intersection.
Charleus provided notice of the accident to plaintiff nine days after the accident and then commenced the underlying action against JMC and Bremmer in February 2019. Neither JMC nor Bremmer notified plaintiff of the accident or the lawsuit, and both refused to discuss the accident with plaintiff's representatives. In May 2020, plaintiff disclaimed coverage to JMC based on the insured's failure to cooperate with the investigation of the claim and defense of the personal injury action. Plaintiff disclaimed coverage to Bremmer the following month on the same ground. The disclaimers were made after the personal injury action in Florida had been placed on the trial calender. Plaintiff had been defending both JMC and Bremmer up to that point of the litigation.
In this declaratory judgment action, plaintiff named JMC, Bremmer and Charleus as defendants, but only Charleus appeared. Following joinder of issue, Charleus moved for summary judgment dismissing the complaint, contending, among other things, that plaintiff's disclaimers of coverage to JMC and Bremmer were untimely under Insurance Law § 3420 (d) (2) because they were not provided as soon as reasonably possible. Plaintiff moved for summary judgment declaring that it has no duty to defend JMC or Bremmer based on their failure to cooperate with plaintiff's investigation of the claim and defense of the underlying action. Plaintiff also moved for a default judgment against JMC and Bremmer. Supreme Court denied plaintiff's motion, granted Charleus's motion, and dismissed the complaint. We now modify the [*2]order and judgment by denying Charleus's motion and reinstating the complaint.
As a preliminary matter, we agree with plaintiff that New York law rather than Florida law applies to this action. "The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]). Here, as the parties recognize, there is a conflict between the laws of the two states. Under Florida law, the insurer must establish, among other things, that it was "substantially prejudiced" by the insured's failure to cooperate (Bankers Ins. Co. v Macias, 475 So 2d 1216, 1218 [Fla Sup Ct 1985]; see American Fire & Cas. Co. v Vliet, 148 Fla 568, 571 [1941]), while in New York a showing of prejudice is not required (see Nationwide Mut. Ins. Co. v Graham, 275 AD2d 1012, 1013 [4th Dept 2000]).
The next step in the choice-of-law analysis is to apply the "center of gravity" or "grouping of contacts" analysis, focusing on which state "has 'the most significant relationship to the transaction and the parties' " (Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994]; see Matter of Midland Ins. Co., 16 NY3d 536, 543-544 [2011]; Allstate Ins. Co., 81 NY2d at 226). "In the context of liability insurance contracts," the state with the most significant relationship to the transaction and the parties will generally be the one " 'which the parties understood was to be the principal location of the insured risk' " (Midland Ins. Co., 16 NY3d at 544; see Zurich Ins. Co., 84 NY2d at 318).
Here, the policy was issued in New York and the issuing insurance company, insured, and agent were all based in New York. Additionally, the policy was issued with New York-specific forms, and the insured vehicle was principally garaged in New York. Under the circumstances, we conclude that New York has the most significant contacts with the parties and the contract and that Florida was merely the state in which the accident occurred, which is not dispositive (see Matter of Unitrin Direct/Warner Ins. Co. v Brand, 120 AD3d 698, 700 [2d Dept 2014]; Jimenez v Monadnock Constr., Inc., 109 AD3d 514, 517 [2d Dept 2013]; FC Bruckner Assoc., L.P. v Fireman's Fund Ins. Co., 95 AD3d 556, 556-557 [1st Dept 2012]).
Contrary to Charleus's assertion, the choice-of-law analysis is not changed by the policy provision stating that plaintiff would "provide at least the minimum amount and kind of coverage which is required . . . under the laws" of any other state in which the insured vehicle was operated. The plain language of the provision cannot reasonably be interpreted as providing that the policy will be interpreted and enforced pursuant to the laws of another state in which the insured vehicle is operated (see generally Progressive Northeastern Ins. Co. v State Farm Ins. Cos., 81 AD3d 1376, 1378 [4th Dept 2011], appeal dismissed 16 NY3d 891 [2011], lv dismissed 17 NY3d 849 [2011]). Indeed, the Florida legal standard for disclaiming coverage does not constitute an "amount" or "kind" of insurance coverage within the meaning of the provision.
Applying New York law, we agree with plaintiff that the court erred in determining that plaintiff's disclaimers of coverage were untimely pursuant to Insurance Law § 3420 (d) (2), which reads: "If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant" (emphasis added). Section 3420 (d) (2) limits its application to accidents occurring in New York (see United States Fid. & Guar. Co. v New York, Susquehanna & W. Ry. Corp., 275 AD2d 977, 978 [4th Dept 2000]; Brennan v Liberty Mut. Fire Ins. Co., 204 AD2d 675, 676 [2d Dept 1994]; see also Matter of Sentry Ins. Co. [Amsel], 36 NY2d 291, 295 [1975]). Although Charleus contends as an alternative ground for affirmance that the disclaimers were untimely under common-law principles even if section 3420 (d) (2) does not apply (see Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008]), she failed to preserve that contention for our review (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Henry v Buffalo Mgt. Group, Inc., 218 AD3d 1233, 1234 [4th Dept 2023]). We therefore conclude that the court erred in granting Charleus's motion based on plaintiff's alleged untimely notice of disclaimer.
Contrary to plaintiff's contention, however, we further conclude that the court properly denied that part of plaintiff's motion for summary judgment declaring that it has no duty to [*3]defend JMC or Bremmer based on their failure to cooperate with plaintiff's investigation of the claim and defense of the underlying action. It is well settled that the burden of establishing lack of cooperation of the insured is on the insurer, who is asserting noncooperation as an excuse for its own nonperformance under the insurance contract (see Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168 [1967]). The burden has been described as "a heavy one indeed" (id.; see Country-Wide Ins. Co. v Preferred Trucking Servs. Corp., 22 NY3d 571, 576 [2014]), requiring the carrier to establish "(1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that its efforts were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured was one of 'willful and avowed obstruction' " (Matter of New York Cent. Mut. Fire Ins. Co. [Salomon], 11 AD3d 315, 316 [1st Dept 2004], quoting Thrasher, 19 NY2d at 168; see Van Opdorp v Merchants Mut. Ins. Co., 55 AD2d 810, 810-811 [4th Dept 1976]; Alexander v Stone, 45 AD2d 216, 220 [4th Dept 1974]).
"The rationale for imposing this heavy burden is to protect an innocent injured party, who may well have relied upon the fact that the insured had adequate coverage, from being penalized for the imprudence of the insured, over whom he or she has no control" (Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp., 212 AD2d 419, 420-421 [1st Dept 1995], lv denied 86 NY2d 707 [1995]; see Continental Cas. Co., 11 NY3d at 450; Thrasher, 19 NY2d at 168). Thus, to allow an insurer to disclaim coverage, "[t]he inference of noncooperation must be 'practically compelling' " (West St. Props., LLC v American States Ins. Co., 150 AD3d 792, 794 [2d Dept 2017], lv denied 29 NY3d 917 [2017], quoting Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.], 36 NY2d 719, 722 [1975]).
Here, applying strict scrutiny to the evidence submitted by plaintiff (see Continental Cas. Co., 11 NY3d at 450; Hunter Roberts Constr. Group, LLC v Arch Ins. Co., 75 AD3d 404, 410 [1st Dept 2010]), we conclude that plaintiff failed to meet its initial burden on the motion insofar as it sought summary judgment declaring that it has no duty to defend JMC or Bremmer based on their failure to cooperate. Although plaintiff established that JMC and Bremmer did not meaningfully respond to inquiries regarding the subject accident, their inaction is not enough on its own to allow plaintiff to avoid its coverage obligations. The evidence fails to establish, as a matter of law, that plaintiff acted diligently in seeking the cooperation of JMC and Bremmer, that its efforts were reasonably calculated to obtain their cooperation, and that the attitude of JMC and Bremmer was one of willful and avowed obstruction. We conclude that "the nonaction of the insured, which is the only factual basis in this case, cannot in this instance be escalated into a finding of willful and avowed obstruction" (Flans v Martini, 136 AD2d 498, 499 [1st Dept 1988] [internal quotation marks omitted]), "especially in cases where[, as here,] an innocent accident victim would be deprived of [their] source of payment because a liability carrier claims that its assured has failed to cooperate" (Ausch v St. Paul Fire & Mar. Ins. Co., 125 AD2d 43, 46 [2d Dept 1987], lv denied 70 NY2d 610 [1987], citing, inter alia, Thrasher, 19 NY2d at 168).
We therefore conclude that the court properly denied that part of plaintiff's motion for summary judgment declaring that it has no duty to defend JMC or Bremmer " 'regardless of the sufficiency of the opposing papers' " (Paul v Cooper, 45 AD3d 1485, 1486 [4th Dept 2007]; see generally Steven Mueller Motors, Inc. v Hickey, 134 AD3d 1467, 1468 [4th Dept 2015]). We have reviewed plaintiff's remaining contention and conclude that it does not warrant reversal or further modification of the order and judgment.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court