■ HARVEY S. KALISH et al., Respondents, v MANHASSET MEDICAL CENTER HOSPITAL, Respondent, and NASSAU RADIOLOGICAL GROUP et al., Appellants. — In a medical malpractice action, all defendants except Manhasset Medical Center Hospital appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated January 5, 1983, which denied (1) that branch of their motion seeking leave to amend their answer to plead a defense and (2) that branch of their motion seeking to compel codefendant Manhasset Medical Center Hospital to comply with the notice for discovery and inspection. ¶ Order reversed, without costs or disbursements, (1) that branch of appellants' motion seeking to compel Manhasset Medical Center Hospital to comply with the notice for discovery and inspection granted; and (2) that branch of the appellants' motion seeking leave to amend their answer granted on condition that their attorneys personally pay plaintiffs $250 costs within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry, and the amended answer is served within 20 days after such payment; in the event those conditions are not complied with, order modified, by deleting the provision which denied that branch of the appellants' motion seeking to compel Manhasset Medical Center Hospital to comply with the notice of discovery and inspection and substituting therefor a provision granting that branch of the motion, and as so modified, order affirmed, with costs to plaintiffs

payable by appellants. Manhasset Medical Center Hospital's time to comply with the notice for discovery and inspection is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. ¶ CPLR 3025 (subd [b]) provides that leave to amend pleadings shall be freely granted on such terms as may be just. While appellants, apparently without excuse, waited an inordinate amount of time before seeking leave to amend their answer, plaintiffs have alleged no actual prejudice resulting directly from the delay (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755; *Haven Assoc. v Donro Realty Corp.*, 96 AD2d 526). The information underlying the proposed amended pleading was available for some time to both sides and, accordingly, there is no indication of surprise. Further, the mere lapse of time, without proof of some consequential prejudice, is an insufficient ground for denial of the motion (*Haven Assoc. v Donro Realty Corp., supra*). However, in view of the delay, we are imposing appropriate costs. ¶ Likewise, that branch of appellants' motion seeking to compel Manhasset Medical Center Hospital to comply with a notice for discovery and inspection, which was unopposed, should have been granted. Although it was made subsequent to the filing of the note of issue by plaintiffs, under the circumstances and notwithstanding appellants' failure to request that the matter be stricken from the calendar on the ground that discovery was not complete, that branch of the motion should also be granted. Manhasset Medical Center Hospital shall provide the requested information. Titone, J. P., Bracken, Brown and Rubin, JJ., concur.