■ AMILIA D. LINARES et al., Appellants, v FRANKLIN MANUFACTURING CORPORATION, Defendant and Third-Party Plaintiff. SHORE PLASTICS, INC., Third-Party Defendant-Respondent. —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.),

entered April 20, 1988, as upon reargument, denied their motion for leave to serve an amended complaint naming the third-party defendant Shore Plastics, Inc., as a defendant in the main action.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the plaintiffs' motion is granted, the proposed amended complaint is deemed served, and the third-party defendant's time to serve an amended answer is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

The plaintiffs moved for leave to amend their complaint naming the third-party defendant Shore Plastics, Inc., as a defendant in the main action and asserting a new theory of recovery based upon the alleged negligent modification of the injury-causing machine. Although the original complaint and the third-party complaint were timely served within the three-year Statute of Limitations prescribed by CPLR 214 (5), it is conceded that this new theory was asserted after the three-year Statute of Limitations expired. However, in the exercise of judicial discretion, the plaintiffs' direct claim against the third-party defendant, which is asserted in the amended complaint, is deemed for Statute of Limitations purposes to have been interposed as of the date that the third-party complaint was served (CPLR 203 [e]; *see, Cucuzza v Vaccaro,* 67 NY2d 825, *affg* 109 AD2d 101; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473; *see also, Key Intl. Mfg. v Morse/Diesel,* 142 AD2d 448, 458-459). The original pleadings together with the third-party pleadings and the plaintiffs' bill of particulars were served upon the third-party defendant and provided adequate notice of the transactions and occurrences out of which the new theory of recovery arises. We apply the liberal amendment rule of CPLR 3025 (b) because the third-party defendant has failed to demonstrate any actual prejudice resulting from the plaintiffs' delay in seeking a retroactive amendment to add it as a defendant in the main action *(see, Duffy v Horton Mem. Hosp., supra,* at 477; *Cucuzza v Vaccaro,* 109 AD2d 101, 104, *supra).* We further note in this regard that the third-party defendant is in no worse position now then it would have been had the amended complaint been served as of right pursuant to CPLR 1009 within 20 days after service of the third-party complaint *(see, Cucuzza v Vaccaro, supra,* at 104-105; *see also, Lewis v Wascomat, Inc.,* 125 AD2d 194, 195). Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.