■ STEVE RODSCHAT, Respondent, v HERZOG SUPPLY COMPANY, INC., Defendant and Third-Party Plaintiff. ALLEGHENY INTERNATIONAL, INC., et al., Third-Party Defendants; EMHART CORPORATION, Third-Party Defendant-Appellant. [617 NYS2d 586] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 25, 1993 in Ulster County, which granted plaintiff's motion to amend the complaint.

Plaintiff commenced this personal injury action seeking damages for injuries he allegedly sustained when a maul he was using to split wood splintered. Thereafter, defendant brought a timely third-party action against, *inter alia,* Allegheny International, Inc. and Emhart Corporation. After the expiration of the Statute of Limitations, plaintiff, by order to show cause, moved to amend his complaint to add Allegheny as a direct defendant. Supreme Court granted the motion permitting plaintiff to add all of the third-party defendants as direct defendants. Emhart appeals.

Although plaintiff did not state in his order to show cause that he was seeking relief against Emhart, his attorney's supporting affidavit, along with the proposed amended complaint annexed thereto, clearly indicated that this was the case. Moreover, Emhart appeared and vigorously opposed the motion. Under these circumstances, Supreme Court did not err in including Emhart within the scope of the motion since Emhart was not prejudiced *(see, Mastandrea v Pineiro,* 190 AD2d 841; 2A Weinstein-Korn-Miller, NY Civ Prac § 2214.01).

Inasmuch as Emhart was a participant in the litigation and

did not establish any actual prejudice resulting from plaintiff's delay, Supreme Court did not abuse its discretion in permitting the proposed amendment (see, Duffy v Horton Mem. Hosp., 66 NY2d 473, 477; Linares v Franklin Mfg. Corp., 155 AD2d 518). While we note that Emhart has raised a substantial issue as to whether it manufactured the maul, in view of plaintiff's statement in his brief that Allegheny's expert claims that Emhart was the manufacturer, we concur with Supreme Court that the consideration of this issue should be deferred until the completion of discovery.

Mercure, J. P., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.