■ RAINEY J. WALKER, Respondent-Appellant, v PEPSICO, INC., et al., Appellants-Respondents, and ALISTAR BEVERAGE CORPORATION, Respondent. [669 NYS2d 1003] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the motion of defendant Pepsico, Inc., and the cross motions of defendants Ball Corporation and Clinton's Ditch Cooperative Company, Inc., for summary judgment dismissing the complaint in this negligence action. The complaint sought to recover damages for injuries resulting from plaintiff's consumption of a can of Pepsi-Cola that allegedly contained metal slivers. Each of those defendants was in the manufacturing or distributive chain of the allegedly defective product and thus could be held liable in negligence (see generally, Sukljian v Ross & Son Co., 69 NY2d 89, 94-95). The record supports the court's determination that there are triable issues of fact whether each of those defendants was negligent (see, Trembley v Coca-Cola Bottling Co., 285 App Div 539, 540-541).

The court erred, however, in denying plaintiff's cross motion to amend the complaint to assert causes of action for strict products liability and breach of implied warranty. Plaintiff's delay in seeking to amend the complaint to add new theories of recovery is not sufficient to warrant denial of the motion where, as here, the original complaint gave notice of the occurrence giving rise to the proposed new causes of action (see, England v Sanford, 167 AD2d 147, 148-149, affd 78 NY2d 928; Goldstein v Brogan Cadillac Oldsmobile Corp., 90 AD2d 512, 513). Plaintiff should be permitted to amend the complaint to assert the proposed causes of action because defendants had notice of the underlying transaction from the original complaint, which asserted a negligence claim, and the allegations in the original complaint are consistent with claims of strict products liability and breach of implied warranty (see, Gardner v Fyr-Fyter Co., 55 AD2d 816). Although it would have been better practice for plaintiff to have included the proposed amended complaint with his cross motion to amend, we conclude that the denial of the cross motion was an improvident exercise of discretion (see, Barry v Niagara Frontier Tr. Sys., 38 AD2d 878) and grant leave to amend (see, England v Sanford, supra, at 148-149). Thus, we modify the order by granting plaintiff's cross motion.

All concur except Lawton, J., who dissents in part and votes to affirm in the following Memorandum.

Lawton, J. (dissenting in part). I dissent in part because I do

not agree with the majority's conclusion that Supreme Court erred in denying plaintiff's cross motion to amend the complaint. The determination whether to grant leave to amend a pleading is within the sound discretion of the trial court and that determination should not be lightly set aside (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Beuschel v Malm*, 114 AD2d 569). Here, plaintiff has failed to offer any reasonable excuse for his delay of over four years in seeking to amend the complaint. Moreover, plaintiff was aware during that period of the facts upon which the cross motion was based. Additionally, in support of his cross motion, plaintiff failed to include the proposed amended complaint and an affidavit of merit concerning the proposed causes of action. Under those circumstances, the court's denial of plaintiff's cross motion was not an improvident exercise of discretion (*see, Branch v Abraham & Strauss Dept. Store*, 220 AD2d 474, 475). Consequently, I would affirm. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.