■ ZONA GALE B. SWEENEY et al., Respondents-Appellants, v PURCELL CONSTRUCTION CORP., by and through its Agents, Officers and/or Employees, et al., Appellants-Respondents. (Appeal No. 1.) [798 NYS2d 613]—

Appeal and cross appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered March 2, 2004. The order, among other things, denied defendants' motion for summary judgment dismissing the complaint, denied plaintiffs' motion and cross motion to preclude certain testimony, and granted defendants' motion seeking leave to amend the answer to assert as an affirmative defense that the Workers' Compensation Law is the exclusive remedy available to plaintiffs with respect to defendants Robert Pyke, M.D., Paul Kruger, M.D., Sylvia Reimer, M.D., and Ivo Matijevic, M.D., individually, and based on that affirmative defense dismissed the complaint against those defendants.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by denying defendants' motion with respect to Workers' Compensation Law § 11 and reinstating the complaint against defendants Robert Pyke, M.D., Paul Kruger, M.D., Sylvia Reimer, M.D., and Ivo Matijevic, M.D., individually, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they allegedly sustained based on their exposure to toxic molds growing in the basement of the offices of Obstetric & Gynecologic Associates of Northern New York, P.C., their employer, as a result of a flood that was improperly remediated. In support of their initial motion for summary judgment dismissing the complaint, defendants contended, inter alia, that plaintiffs alleged that they suffer from multiple chemical sensitivities (MCS) and that the existence of MCS is not recognized in the medical or scientific community. In the alternative, defendants sought a *Frye* hearing. The record establishes, however, that plaintiffs do not allege that they suffer from MCS. Rather, they allege that their exposure to the mold has caused them to suffer from occupationally-induced asthma. Supreme Court therefore properly determined that no *Frye* hearing was necessary (*see Gayle v Port Auth. of N.Y. & N.J.*, 6 AD3d 183, 184 [2004]) and refused to dismiss the complaint against defendants on the ground alleged, i.e., that MCS is not recognized in the medical or scientific community.

The court also properly denied plaintiffs' respective motion and cross motion seeking preclusion of the testimony of two of defendants' experts. Plaintiffs failed to challenge the qualifications of those experts before they examined plaintiffs and failed to seek a protective order with respect thereto, and we therefore conclude that plaintiffs waived their present contentions with respect to the examinations of those experts (*see generally Koump v Smith*, 25 NY2d 287, 299-300 [1969]). We have examined the remaining contentions of plaintiffs in support of their respective motion and cross motion seeking preclusion and nevertheless conclude that the motion and cross motion were properly denied.

We agree with plaintiffs, however, that the court erred in granting defendants' motion seeking leave to amend the answer to assert as an affirmative defense that the Workers' Compensation Law is the exclusive remedy available to plaintiffs with respect to defendant physicians, their employers (*see generally* CPLR 3018 [b]) and seeking summary judgment dismissing the complaint against defendant physicians, individually, based on that affirmative defense. Defendants' motion was made on the

eve of trial and thus is untimely. "Although leave to amend a pleading generally should be freely granted (see CPLR 3025 [b]), 'that policy does not obtain on the eve of trial. In such case, there is a heavy burden on [the movants] to show extraordinary circumstances to justify amendment by submitting affidavits which set forth the recent change of circumstances justifying the amendment and otherwise giving an adequate explanation for the delay' " (*Jablonski v County of Erie*, 286 AD2d 927, 928 [2001]). Defendants failed to meet that heavy burden herein, and we therefore modify the order accordingly. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.