In the Matter of FIRST CITIZENS NATIONAL BANK, Respondent, v CHERYLEA KORONOWSKI et al., Appellants. [848 NYS2d 494]—

Appeal from an order of the Allegany County Court (Thomas P. Brown, J.), entered June 11, 2007. The order affirmed a judgment (denominated order) of the Wellsville Town Court (Noel G. Herberger, J.), entered December 13, 2006, which granted petitioner damages in the amount of $3,000, based on respondents' nonpayment of rent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner purchased property at a foreclosure sale and thereafter commenced this proceeding in Wellsville Town Court seeking possession of the premises from respondents as well as a warrant to remove them from the premises. Town Court, inter alia, issued a warrant of eviction and granted petitioner's request for damages in the amount of $3,000, based on respondents' nonpayment of rent. County Court affirmed the "order" of Town Court, and we now likewise affirm the order of County Court.

Contrary to the contention of respondents, they were obligated to pay rent for as long as they were in possession of the premises inasmuch as it is well settled that " '[t]he obligation of a commercial tenant to pay rent is not suspended if the tenant remains in possession of the leased premises' " (*Westchester County Indus. Dev. Agency v Morris Indus. Bldrs.*, 278 AD2d 232, 232 [2000], *lv dismissed* 96 NY2d 792 [2001]; *see generally Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83-84 [1970]). The record does not support the contention of respondents that petitioner interfered with their possession of the premises. Furthermore, "[t]he issuing of a warrant for the removal of a tenant cancels the agreement under which the [tenant] removed held the premises, and annuls the relation of landlord and tenant" (RPAPL 749 [3]; *see also Weichert v O'Neill*, 245 AD2d 1121 [1997]). Any subsequent payment of rent by respondents does not affect petitioner's right to evict respondents in the absence of evidence that petitioner intended to revive respondents' tenancy (*see J.A.R. Mgt. Corp. v Foster*, 109 Misc 2d 693, 694 [1980]; *see also* 90 NY Jur 2d, Real Property—Possessory Actions § 263).

In light of our determination, we need not consider respondents' remaining contentions. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.