CRYSTAL RUN NEWCO, LLC, Respondent-Appellant, v UNITED PET SUPPLY, INC., Doing Business as THE PET COMPANY, Appellant-Respondent. [896 NYS2d 271]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 25, 2008. The order, among other things, denied that part of plaintiff's motion for summary judgment and denied that part of defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment on the first cause of action and as modified the order is affirmed without costs, and it is further ordered that judgment be entered in favor of plaintiff and against defendant in the amount of $20,472.35.

Memorandum: Plaintiff (hereafter, landlord) commenced this action to recover unpaid rent and accelerated rent pursuant to the terms of its commercial property lease with defendant (hereafter, tenant). The landlord thereafter moved, inter alia, for summary judgment on the complaint, and the tenant cross-moved for summary judgment, seeking a determination that the landlord wrongfully terminated the lease, and the tenant also sought leave to amend the answer to assert counterclaims. Supreme Court denied the landlord's motion and granted that part of the tenant's cross motion for leave to amend the answer.

We conclude that the court erred in denying that part of the landlord's motion for summary judgment on the first cause of action, seeking past due rent based on the tenant's breach of the lease. The landlord met its initial burden by submitting evidence that the tenant failed to pay past due rent in the amount of $20,472.35 during the time in which the tenant remained in possession of the premises. The tenant was "obligated to pay rent for as long as [it was] in possession of the premises inasmuch as it is well settled that the obligation of a commercial tenant to pay rent is not suspended if the tenant remains in possession of the leased premises" (*Matter of First Citizens Natl. Bank v Koronowski*, 46 AD3d 1474, 1475 [2007] [internal quotation marks and brackets omitted]). In opposition to that part of the landlord's motion, the tenant failed to present evidence establishing that it had paid the past due rent in question for the period in which the tenant remained in possession of the premises. The tenant's "general allegations" were insufficient to raise an issue of fact to defeat that part of the landlord's motion (*Towers Org. v Glockhurst Corp.*, 160 AD2d 597, 599 [1990]). Thus, the landlord is entitled to summary judgment on

the first cause of action. We therefore modify the order accordingly, and we direct that judgment be entered in favor of the landlord and against the tenant in the amount of $20,472.35.

We reject the tenant's contention that the notice of default provided by the landlord was legally insufficient and thus that the tenant does not owe the past due rent in question. "Lease interpretation is subject to the same rules of construction as are applicable to other agreements" (*Matter of Cale Dev. Co. v Conciliation & Appeals Bd.*, 94 AD2d 229, 234 [1983], *affd* 61 NY2d 976 [1984]). "A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). We thus conclude, based on the rules of construction applicable to leases, that the tenant failed to establish that the notice provided by the landlord was insufficient under the terms of the lease.

We further conclude, however, that there are issues of fact on the record before us whether the landlord also breached the lease prior to its termination and whether the acceleration clause in the lease is enforceable (*see Benderson v Poss*, 142 AD2d 937 [1988]). Thus, the court properly determined that summary judgment in favor of either party was inappropriate with respect to those issues.

We reject the landlord's contention that the court abused its discretion in granting the tenant leave to amend its answer to assert counterclaims. "The decision to allow or disallow the amendment is committed to the court's discretion" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]), and "the resulting determination will not lightly be set aside" (*Rose v Velletri*, 202 AD2d 566, 567 [1994] [internal quotation marks omitted]). "Although it would have been better practice for [the tenant] to have included the proposed amended [answer] with [its] cross motion" (*Walker v Pepsico, Inc.*, 248 AD2d 1015, 1015 [1998]), we cannot say on the record before us that the court abused its discretion, particularly in view of the fact that there is no indication that the proposed amendment was without merit or would prejudice the landlord.

Finally, there is no merit to the landlord's contention that the failure of the tenant to seek an injunction in accordance with *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630 [1968], *rearg denied* 22 NY2d 827 [1968]) precludes the tenant

from challenging the validity of the lease termination. Although the failure to seek an injunction prior to the termination of the lease removed the ability of the tenant to cure its default, that failure does not preclude the tenant from asserting a counterclaim against the landlord for breach of contract (*see La Lanterna, Inc. v Fareri Enters., Inc.*, 37 AD3d 420, 423-424 [2007]). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.