■ Leslie Boxhorn, Appellant, v Alliance Imaging, Inc., Defendant/Third-Party Plaintiff. Siemens Medical Systems, Inc., et al., Third-Party Defendants-Respondents. [901 NYS2d 891]—

Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered February 20, 2009 in a personal injury action. The order denied the motion of plaintiff for leave to amend the complaint to add the third-party defendants as defendants.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is granted upon condition that plaintiff shall serve the amended complaint within 30 days after service of the order of this Court with notice of entry.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained on May 24, 2005. On March 11, 2008, defendant filed a third-party complaint and, on October 24, 2008, plaintiff moved for leave to amend the complaint to add the third-party defendants as defendants. We conclude that Supreme Court abused its discretion in denying the motion (*see generally Torvec, Inc. v CXO on the GO of Del., LLC*, 38 AD3d 1175 [2007]). In the absence of prejudice or surprise, leave to amend a pleading should be freely granted (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]). In support of her motion, plaintiff established that the relation-back doctrine applied for purposes of computing the statute of limitations because her claims against the third-party defendants related back to those asserted in the third-party complaint, which was timely served (*see* CPLR 203 [f]; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 478 [1985]).

In opposition to the motion, the third-party defendants failed to establish that they would be prejudiced by the delay in amending the complaint (*see Rodschat v Herzog Supply Co.*, 208 AD2d 1167, 1167-1168 [1994]). While the amended complaint added a new theory of recovery against them, i.e., strict products liability, that theory arose out of the same transaction set forth in the original complaint (*see Presutti v Suss*, 254 AD2d 785, 786 [1998]; *Walker v Pepsico, Inc.*, 248 AD2d 1015 [1998]). We further reject the contention of the third-party defendants that the motion should be denied because plaintiff failed to set forth a reasonable excuse for her delay in seeking leave to amend the complaint. No such excuse was required where, as here, there was no extended delay in seeking leave to amend, nor was the motion made on the eve of trial (*see Sweeney v Purcell Constr. Corp.*, 20 AD3d 872, 873-874 [2005]; *Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc.*, 4 AD3d 290, 293 [2004]; *Blake v Wieczorek*, 305 AD2d 989, 990 [2003]). Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.