# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**243**

**CA 12-01575**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

WILLIAM M. HOLST, LARRY J. PIERCE, LILLIAN
BRAUNBACH, DAVID P. MARTIN, LINDA ZGODA-MARTIN,
MARY E. PANKOW, STEVEN SMITH, ROBIN MARIE SMITH,
ROBERT J. MARTIN, CARRIE A. MARTIN, DAVID S. WINNERT,
MICHELE MUELLER, KENNETH J. ULICKI AND MARILYN M.
ULICKI, PLAINTIFFS-APPELLANTS,

V                                      MEMORANDUM AND ORDER

VICTOR LIBERATORE AND SALLY LIBERATORE,
DEFENDANTS-RESPONDENTS.

---

GOODELL & RANKIN, JAMESTOWN (KIMBERLY THRUN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered October 24, 2011. The order denied the
motion of plaintiffs for leave to amend the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and plaintiffs' motion
seeking leave to amend the complaint is granted.

Memorandum: Plaintiffs appeal from an order that denied their
motion seeking leave to amend their complaint. Defendants own
property abutting a lake, and plaintiffs are nearby property owners.
In their complaint, plaintiffs allege that they have a right-of-way
over defendants' property providing them with access to the lake. We
agree with plaintiffs that Supreme Court erred in denying their motion
seeking leave to amend the complaint to add an adverse possession
cause of action.

"Leave to amend a pleading should be freely granted in the
absence of prejudice to the nonmoving party where the amendment is not
patently lacking in merit" (*McFarland v Michel*, 2 AD3d 1297, 1300
[internal quotation marks omitted]; *see* CPLR 3025 [b]; *Anderson v
Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198).
Although "[t]he decision to allow or disallow the amendment is
committed to the court's discretion" (*Edenwald Contr. Co. v City of
New York*, 60 NY2d 957, 959), we conclude that the court here abused
its discretion in denying plaintiffs' motion. Defendants have failed

to demonstrate the existence of any prejudice or surprise that would result from the amendment, or that the proposed amendment was palpably insufficient or patently devoid of merit.  Indeed, as demonstrated by their answer, defendants interpreted plaintiffs' original complaint as setting forth a claim to the subject right-of-way by adverse possession.

Contrary to defendants' contention, "[a] court should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face" (*Landers v CSX Transp., Inc.*, 70 AD3d 1326, 1327 [internal quotation marks omitted]; *see Matter of Clairol Dev., LLC v Village of Spencerport*, 100 AD3d 1546, 1546; *Lucido v Mancuso*, 49 AD3d 220, 229). Moreover, the original complaint provided the necessary evidentiary support for the motion (*see McFarland*, 2 AD3d at 1300; *see also Dever v DeVito*, 84 AD3d 1539, 1541, *lv dismissed* 18 NY3d 864; *Farrell v K.J.D.E. Corp.*, 244 AD2d 905, 905). Contrary to defendants' further contention, there was no extended delay in seeking leave to amend the complaint and, in any event, " '[m]ere lateness is not a barrier to the amendment.  It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (*Edenwald Contr. Co.*, 60 NY2d at 959; *see generally Boxhorn v Alliance Imaging, Inc.*, 74 AD3d 1735, 1736).

"Although it would have been better practice for plaintiff[s] to have included the proposed amended complaint with [their] . . . motion to amend," we conclude that plaintiffs' failure to submit a copy of the proposed amended complaint here is not fatal to their motion (*Walker v Pepsico, Inc.*, 248 AD2d 1015, 1015; *see Crystal Run Newco, LLC v United Pet Supply, Inc.*, 70 AD3d 1418, 1420). Plaintiffs brought the instant motion before CPLR 3025 (b) was amended to require submission of the proposed amended pleading.  Additionally, although plaintiffs' motion seeking leave to amend the complaint refers only to an adverse possession cause of action, we would not read the proposed amendment so narrowly as to foreclose a prescriptive easement claim inasmuch as "[p]leadings shall be liberally construed" and "[d]efects shall be ignored if a substantial right of a party is not prejudiced" (CPLR 3026; *see generally Angie v Johns Manville Corp.*, 94 AD2d 939, 940).

We have reviewed defendants' remaining contention concerning plaintiffs' alleged failure to join necessary parties and conclude that it is without merit.

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court