■ Dorothy Henry, Respondent, v MTA et al., Appellants.
[966 NYS2d 445]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 11, 2012, as granted the plaintiff's motion for leave to amend the complaint to add a cause of action to recover damages for wrongful death.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where a motion for leave to amend a complaint "is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co., 68 AD3d 792, 794 [2009] [internal quotation marks omitted]; see Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828 [2008]; Countrywide Funding Corp. v Reynolds, 41 AD3d 524, 525 [2007]). Nevertheless, "[a] determination whether to grant such leave is within the

Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d 901, 902 [2009]; *see Aurora Loan Servs., LLC v Dimura*, 104 AD3d 796 [2013]; *Ingrami v Rovner*, 45 AD3d 806, 808 [2007]).

Here, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to amend the complaint to add a cause of action to recover damages for wrongful death. Although the plaintiff delayed in making the motion, " '[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side' " (*Aurora Loan Servs., LLC v Dimura*, 104 AD3d 796, 797 [2013], quoting *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 724 [2011]; *Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006]). Contrary to the defendants' contentions, they did not demonstrate that they would be significantly prejudiced by the amendment. In light of the medical records of the plaintiff's decedent, which documented multiple hospital admissions and her declining medical condition following the subject accident, along with the decedent's deposition testimony regarding the aggravation of pre-existing medical conditions, the defendants cannot, under the circumstances of this case, claim to have been surprised by the amendment (*cf. Rodriguez v Panjo*, 81 AD3d 805, 806 [2011]). Moreover, the plaintiff offered a reasonable excuse for the delay, and to avoid any possible prejudice to the defendants, the Supreme Court granted them time to obtain further discovery (*see Alvarado v Beth Israel Med. Ctr.*, 78 AD3d 873, 874 [2010]; *Grande v Peteroy*, 39 AD3d 590, 592 [2007]).

The parties' remaining contentions are not properly before this Court. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.