■ GEORGE A. CIMINELLO, Appellant, v BRIAN C. SULLIVAN et al., Respondents, et al., Defendants. [992 NYS2d 291]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated July 20, 2011, as granted the motion of the defendant Robert Hartford to dismiss the second amended complaint insofar as asserted against him as untimely, granted that branch of the separate motion of the defendants Brian C. Sullivan and Gerard E. Sullivan which was to dismiss the second amended complaint insofar as asserted against them as untimely, denied his cross motion pursuant to CPLR 3025 (b) for leave to file a second amended complaint, and denied his cross motion for leave to renew and reargue his opposition to the prior motion of the defendants Brian C. Sullivan and Gerard E. Sullivan, and the separate motion of the defendant Robert Hartford, which were to dismiss the first amended complaint insofar as asserted against each of them.

Ordered that the appeal from so much of the order as denied that branch of the

plaintiff's cross motion which was for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for leave to file a second amended complaint, in effect, to add a cause of action to recover damages sounding in intentional tort and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting the provisions thereof granting those branches of the separate motions of the defendants Brian C. Sullivan and Gerard E. Sullivan, and the defendant Robert Hartford, which were to dismiss the cause of action to recover damages sounding in intentional tort asserted in the second amended complaint insofar as asserted against the defendants Brian C. Sullivan and Robert Hartford as untimely, and substituting therefor provisions denying those branches of the separate motions; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.

The plaintiff, without leave of court, served and filed a second amended complaint. The defendant Robert Hartford moved to dismiss the second amended complaint insofar as asserted against him as untimely, and the defendants Brian C. Sullivan and Gerard E. Sullivan (hereinafter together the Sullivan defendants) moved, inter alia, for similar relief. The plaintiff cross-moved pursuant to CPLR 3025 (b) for leave to file the second amended complaint. The Supreme Court, among other things, granted Hartford's motion and the related branch of the Sullivan defendants' motion, and denied the plaintiff's cross motion.

Leave to amend a pleading shall be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Finkelstein v Lincoln Natl. Corp.*, 107 AD3d 759, 761 [2013]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Here, the Supreme Court properly determined that the causes of action in the second amended complaint sounding in negligence were palpably insufficient and patently devoid of merit (*see generally Ciminello v Sullivan*, 65 AD3d 1002 [2009]). However, the plaintiff also proposed an amendment to add a cause of action which alleged facts setting forth a cognizable cause of action to recover damages sounding in intentional tort. This cause of action is not palpably insufficient or patently devoid of merit, and there is no evidence that this amendment would prejudice or surprise Brian C. Sullivan and Hartford (*see United Fairness, Inc. v Town of Woodbury*, 113 AD3d 754, 755 [2014]; *see generally Lucido v Mancuso*, 49 AD3d 220 [2008]). Although the plaintiff delayed in making the motion for leave to amend, mere lateness is not a barrier to the amendment—it must be lateness coupled with significant prejudice to the other side (*see Henry v MTA*, 106 AD3d 874, 875 [2013]; *Aurora Loan Servs., LLC v Dimura*, 104 AD3d 796, 797 [2013]; *U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 724 [2011]). Brian C. Sullivan and Hartford cannot claim significant prejudice, since the proposed amendment arises out of the same facts as those set forth in the first amended complaint (*see Koenig v Action Target, Inc.*, 76 AD3d 997, 997-998 [2010]; *Maloney Carpentry, Inc. v Budnik*, 37 AD3d 558, 558 [2007]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to file a second amended complaint, in effect, to add a cause of action to recover damages sounding in

intentional tort and should have denied those branches of the separate motions of the Sullivan defendants and Hartford which were to dismiss the cause of action to recover damages sounding in intentional tort asserted in the second amended complaint insofar as asserted against Brian C. Sullivan and Hartford.

The plaintiff's remaining contentions either are academic or need not be reached in light of our determination. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.