# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

151
CA 15-01244
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

PUTRELO CONSTRUCTION COMPANY,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

TOWN OF MARCY, DEFENDANT-RESPONDENT.
----------------------------------------------
TOWN OF MARCY, THIRD-PARTY PLAINTIFF,

V

BONACCI ARCHITECTS, PLLC, SUCCESSOR IN
INTEREST TO FULIGNI-FRAGOLA ARCHITECTS, PLLC,
THIRD-PARTY DEFENDANT-RESPONDENT.

SHEATS & BAILEY, PLLC, BREWERTON (DIANA PLUE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

FELT EVANS, LLP, CLINTON (ANTHONY G. HALLAK OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered September 29, 2014. The order denied the motion of plaintiff for leave to amend the ad damnum clause in its complaint, granted the cross motion of defendant to limit proof of damages at trial, and granted the cross motion of third-party defendant to dismiss the first cause of action of plaintiff to the extent that plaintiff seeks to recover $33,323.31 for change orders ## 7, 11, 12, 13 and 17.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's motion, and by denying those parts of the cross motions seeking to dismiss the first cause of action to the extent it seeks payment for change orders #12 and #17 and reinstating the complaint to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for breach of contract in connection with its construction of a new town hall for defendant-third-party plaintiff (hereafter, defendant). Defendant commenced a third-party action against third-party

defendant, the successor in interest to the architect who contracted with defendant.  On a prior appeal, we affirmed an order granting the motion of third-party defendant for partial summary judgment dismissing the second cause of action, which sought delay damages (*Putrelo Constr. Co. v Town of Marcy*, 105 AD3d 1406).  Plaintiff now appeals from an order denying its motion for leave to amend the ad damnum clause, granting defendant's cross motion to limit the proof of damages at trial, and granting third-party defendant's cross motion for summary judgment dismissing the first cause of action in part.

We agree with plaintiff that Supreme Court abused its discretion in denying its motion to amend the ad damnum clause from $77,585.50 to $111,331.13, and we therefore modify the order by granting the motion. It is axiomatic that " '[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*Holst v Liberatore*, 105 AD3d 1374, 1374; *see* CPLR 3025 [b]; *Meyer v University Neurology*, 133 AD3d 1307, 1309; *McGrath v Town of Irondequoit*, 120 AD3d 968, 969). Plaintiff failed to include an amended pleading with its motion, as required by CPLR 3025 (b).  Under the circumstances of this case, however, we conclude that the error was merely a technical defect that the court should have disregarded (*see generally* CPLR 2001), inasmuch as "the limited proposed amendment[ was] clearly described in the moving papers" and did not prejudice defendant or third-party defendant (*Medina v City of New York*, 134 AD3d 433, 433; *cf. Barone v Concert Serv. Specialists, Inc.*, 127 AD3d 1119, 1120).

We further conclude that defendant and third-party defendant failed to show that they would be prejudiced by the amendment.  "[I]n the absence of prejudice . . . , a motion to amend the *ad damnum* clause, whether made before or after the trial, should generally be granted" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23, *rearg denied* 55 NY2d 801).  We reject the contention of defendant and third-party defendant that the amendment was "palpably insufficient or patently devoid of merit" (*Corwise v Lefrak Org.*, 93 AD3d 754, 754). Defendant and third-party defendant rely upon documents submitted by them in opposition to the motion, but " '[a] court should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face' " (*Holst*, 105 AD3d at 1374-1375; *see Favia v Harley-Davidson Motor Co., Inc.*, 119 AD3d 836, 836).  Finally, while the delay in moving to amend was extensive and plaintiff provided no excuse for it, " '[m]ere lateness is not a barrier to the amendment.  It must be lateness coupled with significant prejudice to the other side' " (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959), which, as we previously concluded, defendant and third-party defendant did not show.

With respect to defendant's cross motion, defendant contends that it merely sought an evidentiary ruling and thus that no appeal lies from the order granting the cross motion.  We reject that contention, and instead conclude that defendant's cross motion was the functional equivalent of a motion for partial summary judgment (*see Dischiavi v Calli*, 125 AD3d 1435, 1436; *Charter Sch. for Applied Tech. v Board of*

*Educ. for City Sch. Dist. of City of Buffalo*, 105 AD3d 1460, 1464).
In addition, with respect to the cross motions by defendant and third-party defendant, "[a]lthough successive summary judgment motions generally are disfavored absent newly discovered evidence or other sufficient cause . . . , neither Supreme Court nor this Court is precluded from addressing the merits of such a motion" (*Giardina v Lippes*, 77 AD3d 1290, 1291, *lv denied* 16 NY3d 702; *see Sexstone v Amato*, 8 AD3d 1116, 1116-1117, *lv denied* 3 NY3d 609).  The court appropriately exercised its discretion in considering the merits of the cross motions (*see generally Rose v Horton Med. Ctr.*, 29 AD3d 977, 978).

Third-party defendant's cross motion sought to dismiss the first cause of action to the extent plaintiff sought to recover $33,323.31 for change orders ## 7, 11, 12, 13, and 17 because plaintiff failed to file a notice of claim within the time limitations of Town Law § 65 (3).  Defendant's cross motion was the functional equivalent of a partial summary judgment motion seeking that same relief.  Town Law § 65 (3) requires a written verified claim to be filed "within six months after the cause of action shall have accrued" (*id.*).  As we explained in the prior appeal, the contract between plaintiff and defendant provided for a date of accrual as to " 'acts or failures to act occurring prior to the relevant date of Substantial Completion' " to be no later than the date of substantial completion (*Putrelo Constr. Co.*, 105 AD3d at 1407).  Defendant and third-party defendant established that third-party defendant rejected payment for work plaintiff had performed or proposed for change orders ## 7, 11, and 13 prior to the date of substantial completion, and therefore those claims accrued no later than the date of substantial completion. Inasmuch as the notice of claim was not filed within six months of that date, it was untimely, and the court properly granted the cross motions insofar as they sought dismissal of the first cause of action with respect to those change orders.  We further conclude, however, that the court erred in granting those parts of the cross motions seeking to dismiss the first cause of action to the extent it seeks to recover payment for change orders #12 and #17, and we therefore further modify the order accordingly.  Defendant and third-party defendant did not submit any evidence that payment for those change orders was rejected prior to the date of substantial completion.

Entered:  March 18, 2016                        Frances E. Cafarell
                                                Clerk of the Court