■ CHRISTOPHER R. GARAFOLA, Appellant, v WING INC. SPECIALTY TRADES, Defendant, and SKANSKA USA BUILDING, INC., et al., Respondents. [33 NYS3d 287]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 18, 2014, which denied his motion for leave to amend the caption of the action to add his wife as an additional plaintiff, to amend the complaint to assert an additional cause of action on behalf of his wife to recover for the loss of his services, and to deem the supplemental summons and amended complaint served on the defendants.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the plaintiff's motion for leave to amend the caption of the action to add his wife as an additional plaintiff, to amend the complaint to assert an additional cause of action on behalf of his wife to recover for the loss of his services, and to deem the supplemental summons and amended complaint served on the defendants is granted.

The plaintiff commenced this action in 2012 to recover damages for injuries he suffered in an alleged construction accident. Approximately two years later, he moved for leave to amend the complaint to assert a derivative claim on behalf of his wife, to whom he has been married since 2001, to recover damages for the loss of his services, and to deem the supplemental summons and amended complaint served on the defendants. The Supreme Court, citing the plaintiff's unexplained delay in seeking the amendment, denied the motion.

Leave to amend the pleadings "shall be freely given," provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently

devoid of merit (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]; *see Katz v Castlepoint Ins. Co.*, 121 AD3d 948, 950 [2014]; *Ryan v Town of Riverhead*, 117 AD3d 707, 710 [2014]). On a motion for leave to amend, "[t]he burden of establishing prejudice is on the party opposing the amendment" (*Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]). In this regard, the asserted prejudice must be more than "the mere exposure of the [opponent] to greater liability" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]) and must indicate that the opponent "has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (*id.* at 23).

Here, the motion for leave to amend was made before the filing of the note of issue and while discovery was still ongoing. Moreover, liability for the proposed derivative claim was premised on the same allegations set forth in the original complaint. In addition, the defendants Skanska USA Building, Inc., and Gardiner & Theobold, Inc., failed to demonstrate that they would be substantially prejudiced by the amendment, as the parties acknowledged that the additional discovery necessitated by the amendment was not likely to be extensive. Accordingly, under these circumstances, the plaintiff's mere lateness in seeking the amendment was not a barrier to granting the motion (*see Skinner v Scobbo*, 221 AD2d 334 [1995]; *Kalish v Manhasset Med. Ctr. Hosp.*, 100 AD2d 507 [1984]), and the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion (*see Ciminello v Sullivan*, 120 AD3d 1176 [2014]; *Ryan v Town of Riverhead*, 117 AD3d 707 [2014]; *Lariviere v New York City Tr. Auth.*, 82 AD3d 1165 [2011]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.