Wojtalewski v Central Sq. Cent. Sch. Dist. (2018 NY Slip Op 03275)





Wojtalewski v Central Sq. Cent. Sch. Dist.


2018 NY Slip Op 03275


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


517 CA 17-02018

[*1]CORTNEY WOJTALEWSKI, PLAINTIFF-APPELLANT,
v
CENTRAL SQUARE CENTRAL SCHOOL DISTRICT AND ROBERT WILLS, DEFENDANTS-RESPONDENTS. 






FOLEY & FOLEY, PALMYRA (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PETRONE & PETRONE, P.C., UTICA (MARK J. HALPIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered July 3, 2017. The judgment, insofar as appealed from, awarded defendants fees, costs and disbursements upon a jury verdict in defendants' favor, after Supreme Court denied plaintiff's pretrial cross motion for leave to amend the complaint. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the award of fees, costs and disbursements is vacated, the cross motion is granted upon condition that plaintiff shall serve the proposed amended complaint with two causes of action, for battery and respondeat superior, within 20 days of service of a copy of the order of this Court with notice of entry, and a new trial is granted in accordance with the following memorandum: Plaintiff, a high school student, commenced this negligence action seeking damages for injuries she allegedly sustained when a teacher, defendant Robert Wills, struck her in the back of the head. Plaintiff alleged that the incident occurred on a certain date and time while she was sitting in an auditorium at Paul V. Moore High School for a school assembly. Supreme Court denied plaintiff's cross motion seeking leave to amend her complaint to add a cause of action against Wills for battery and a cause of action against defendant Central Square Central School District based on the doctrine of respondeat superior. The case proceeded to trial, and the jury returned a verdict in favor of defendants after finding that Wills was not negligent. Plaintiff, as limited by her brief, appeals from the ensuing judgment, contending that the court erred in denying her cross motion for leave to amend her complaint. She does not contend that the judgment should be reversed insofar as the jury found that Wills was not negligent.
We agree with plaintiff that the court abused its discretion in denying the cross motion (see Holst v Liberatore, 105 AD3d 1374, 1374 [4th Dept 2013]; Boxhorn v Alliance Imaging, Inc., 74 AD3d 1735, 1735 [4th Dept 2010]). It is well settled that, "[i]n the absence of prejudice or surprise, leave to amend a pleading should be freely granted" (Boxhorn, 74 AD3d at 1735; see CPLR 3025 [b]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). Plaintiff established that the relation-back doctrine applied for statute of limitations purposes with respect to the battery cause of action, which was based on the same facts and occurrence as the negligence cause of action and thus related back to the original complaint (see CPLR 203 [f]; Taylor v Deubell, 153 AD3d 1662, 1662 [4th Dept 2017]; Boxhorn, 74 AD3d at 1735; Bilhorn v Farlow, 60 AD2d 755, 755 [4th Dept 1977]). In opposition to the cross motion, defendants failed to establish that they would be prejudiced by plaintiff's delay in seeking leave to amend the complaint (see Holst, 105 AD3d at 1374; Boxhorn, 74 AD3d at 1736; see generally Kimso Apts., LLC, 24 NY3d at 411), inasmuch as the new causes of action were based upon the same facts as the negligence cause of action in the original complaint (see Ciminello v Sullivan, 120 AD3d 1176, 1177 [2d Dept 2014]; Maloney Carpentry, Inc. v Budnik, 37 AD3d 558, 558-559 [2d Dept 2007]; Bilhorn, 60 AD2d at 755).
Defendants argued in opposition to the cross motion that plaintiff failed to proffer any excuse for her delay in seeking leave to amend the complaint, but " [m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side' " (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; see Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1593 [4th Dept 2016]; Ciminello, 120 AD3d at 1177). Therefore, although plaintiff provided no excuse for her delay in seeking leave to amend, that is of no moment because, as noted above, defendants have not shown that they were prejudiced by the delay (see Putrelo Constr. Co., 137 AD3d at 1593). We further reject defendants' contention that the proposed amendment was patently insufficient on its face (see id.; Holst, 105 AD3d at 1374-1375). To the extent that defendants raise on appeal an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), we conclude that it lacks merit.
We therefore reverse the judgment insofar as appealed from, vacate the award of fees, costs and disbursements, grant the cross motion upon condition that plaintiff shall serve the proposed amended complaint with two causes of action, for battery and respondeat superior, within 20 days of service of a copy of the order of this Court with notice of entry, and grant a trial only on the new causes of action in the amended complaint after defendants are afforded the opportunity for motion practice with respect thereto.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court