Poindexter v State of New York

2026 NY Slip Op 02553

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

AKIYLA POINDEXTER, AS THE ADMINISTRATOR OF THE ESTATE OF KAAZIM F. FREEMAN, DECEASED, CLAIMANT-RESPONDENT,

v

THE STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 137356.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

235 CA 25-00958

Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP, GARDEN CITY (ALEXANDER KLEIN OF COUNSEL), FOR CLAIMANT-RESPONDENT.

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DOUGLAS E. WAGNER OF COUNSEL), FOR DEFENDANT-APPELLANT.

Appeal from an order of the Court of Claims (J. David Sampson, J.), entered May 5, 2025, in a negligence and wrongful death action. The order granted the motion of claimant seeking leave to amend her claim and denied the cross-motion of defendant to dismiss the claim.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action in the Court of Claims seeking damages related to the death of Kaazim F. Freeman, an incarcerated individual who died in a correctional facility. The claim alleges that, although defendant, the State of New York (State), had taken the position that Freeman's death was a suicide, upon information and belief Freeman had been violently attacked by other incarcerated individuals or correction officers. During discovery, the State produced records regarding its investigation into Freeman's death for the first time, indicating, inter alia, that Freeman's death was a suicide. Claimant moved for leave to amend her claim to conform to the proof, pursuant to CPLR 3025 and Court of Claims Act § 9 (8), by alleging, inter alia, that the State had prior notice that Freeman presented a risk of self-harm and following Freeman's death at least one correction officer attempted to cover up evidence relating to that notice. The court, inter alia, granted claimant's motion. The State appeals, as limited by its brief, from the order insofar as it granted claimaint's motion, and we affirm.

It is well settled that, "[i]n the absence of prejudice or surprise, leave to amend a pleading should be freely granted" (Boxhorn v Alliance Imaging, Inc., 74 AD3d 1735, 1735 [4th Dept 2010]; see CPLR 3025 [b]). However, even though " '[a]pplications to amend pleadings [pursuant to CPLR 3025] are within the sound discretion of the court,' . . . there is no sound basis in law to grant amendment pursuant to CPLR 3025 (c) to add an untimely claim" (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 50 [2022]). It is undisputed here that when claimant sought to amend her claim the statute of limitations on the proposed amended claims had expired, and the proposed amendment would be "time-barred unless it related back to the original pleading" (id.). The relation back doctrine is codified in CPLR 203 (f), which provides that, where a plaintiff or claimant seeks leave to amend a pleading to assert new claims against an existing defendant or respondent, "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transaction or occurrences, to be proved pursuant to the amended pleading." "Section 203 (f) requires the court to determine solely whether [the] original pleading gives notice of the transactions or occurrences underlying the proposed amendment" and, thus, a court "should not . . . look[ ] beyond the four corners of the [*2]original pleading to determine whether defendant was on notice of transactions or occurrences underlying [the proposed amendment]" (34-06 73, LLC, 39 NY3d at 51).

Under the circumstances of this case, we conclude that claimant established that the relation back doctrine applied for statute of limitations purposes with respect to the claims in her proposed amendment inasmuch as they were based on the same occurrence as the claims in her original claim—namely, the unexplained death of Freeman while in State custody—and thus related back to the original claim (see Wojtalewski v Central Sq. Cent. Sch. Dist., 161 AD3d 1560, 1561 [4th Dept 2018]; Taylor v Deubell, 153 AD3d 1662, 1662 [4th Dept 2017]; Stokes v Komatsu Am. Corp., 117 AD3d 1152, 1154 [3d Dept 2014]; cf. Raymond v Ryken, 98 AD3d 1265, 1266 [4th Dept 2012]). In opposition to the motion, the State failed to establish that it would be prejudiced by claimant's delay in seeking leave to amend the claim (see Wojtalewski, 161 AD3d at 1561; see Boxhorn, 74 AD3d at 1736).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court