■ FANNY GRULLON et al., Respondents, v EDRIC M. HENRY, Appellant. [775 NYS2d 866]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered April 30, 2003, which, to the extent appealed from, denied that part of defendant's motion seeking to dismiss the complaint for lack of prosecution pursuant to CPLR 3216, unanimously reversed, on the law, without costs or disbursements, defendant's motion granted, and the complaint dismissed. The clerk is directed to enter judgment accordingly.

This negligence action was commenced in or about May 2000. By order dated April 19, 2002, the law firm representing plaintiffs was relieved and the action stayed for 60 days to permit plaintiffs to retain new counsel. That order was served on plaintiffs on May 28, 2002. Thereafter, numerous conferences were scheduled, at which plaintiffs did not appear.

On November 11, 2002, defendant served a 90-day notice demanding that plaintiffs resume prosecution of this action, complete discovery and file a note of issue (CPLR 3216 [b] [3]). On March 10, 2003, defendant moved to restore the case, which appeared to have been dismissed on or about August 28, 2002 pursuant to 22 NYCRR 202.27, to the active calendar and, upon restoration, to dismiss the action for lack of prosecution pursuant to CPLR 3216 (e). Plaintiff did not oppose the motion. The motion court restored the action and directed the parties to appear for a preliminary conference, implicitly denying the motion to dismiss.

CPLR 3216 permits a court to dismiss an action for want of prosecution after the defendant has served the plaintiff with a written demand to resume prosecution of the action and file a note of issue within 90 days after receipt of the demand. Since a proper CPLR 3216 notice was served upon plaintiffs and plaintiffs did not comply with the demand, it was an abuse of discretion for the court to refuse to dismiss the action where plaintiffs did not oppose the motion and therefore failed to demonstrate either the existence of a meritorious cause of action or a justifiable excuse for their failure to timely file a note of issue (see Baczkowski v D.A. Collins Constr. Co., 89 NY2d 499, 502-503 [1997]; Brown v World Fin. Props., 306 AD2d 303, 304 [2003]). Concur—Nardelli, J.P., Tom, Ellerin, Williams and Lerner, JJ.