▮ DANIEL C. BRYNDLE, Appellant, v SAFETY-KLEEN SYSTEMS, INC., Respondent. (Appeal No. 1.) [885 NYS2d 808]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered November 15, 2007 in a breach of contract action. The order, insofar as appealed from, granted that part of the cross motion of defendant for leave to amend its answer to include an additional affirmative defense.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court neither abused nor improvidently exercised its discretion in granting that part of the cross motion of defendant for leave to amend its answer. "Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *see* CPLR 3025 [b]; *Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]), and "the denial of leave to amend is not an abuse of discretion where . . . the proposed amendment[ ] manifestly lack[s] merit or [is] palpably insufficient on [its] face" (*Dec v Auburn Enlarged School Dist.*, 249 AD2d 907, 908 [1998] [internal quotation marks omitted]). "Prejudice may be found where a party has incurred some change in position or hindrance in the preparation of its case which could have been avoided had the original pleading contained the proposed amendment" (*Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [1998]; *see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23-24 [1981], *rearg denied* 55 NY2d 801 [1981]). Although the delay of defendant in seeking leave to amend its answer was lengthy, " '[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see McFarland v Michel*, 2 AD3d 1297, 1300 [2003]).

Here, plaintiff failed to identify any prejudice arising from the proposed amendment (*see Corsale v Pantry Pride Supermarket*, 197 AD2d 659, 660-661 [1993]), and the evidence submitted by defendant in support of its cross motion established that its proposed additional defense that plaintiff's claims were discharged in bankruptcy is not patently without merit (*see*

*Debicki v Schultz*, 212 AD2d 988 [1995]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.