# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

912

CA 11-02349

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

JOSEPH D. RAYMOND, SR., PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

TIMOTHY C. RYKEN, M.D., DEFENDANT-RESPONDENT.

---

COTE & VANDYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID R. DUFLO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered March 1, 2011 in a medical malpractice action. The order, inter alia, denied that part of the motion of plaintiff seeking leave to amend the complaint and bill of particulars and conditionally granted that part of plaintiff's motion seeking an order of preclusion.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries arising from defendant's alleged negligent performance of back surgery. Plaintiff thereafter moved, inter alia, for leave to amend the complaint and bill of particulars and for a conditional order of preclusion. Supreme Court denied that part of the motion seeking leave to amend and conditionally granted that part of the motion seeking to preclude defendant from offering certain proof at trial. We affirm.

We note at the outset that plaintiff's contention that he was entitled to amend his bill of particulars as of right is not properly before us. Plaintiff raised that contention for the first time in support of a motion for leave to reargue and the record on appeal does not include those motion papers, nor in any event would plaintiff be entitled to take an appeal from the order denying his motion for leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984).

We conclude that the court did not abuse its discretion in denying that part of the motion for leave to amend the complaint and bill of particulars. The decision whether to grant leave to amend pleadings rests within the court's sound discretion and will not be disturbed absent a clear abuse of that discretion (*see Cowsert v*

*Macy's E., Inc.*, 74 AD3d 1444, 1444-1445). Here, both of plaintiff's proposed amended pleadings included a new cause of action, for lack of informed consent. That cause of action was time-barred, and the relation-back doctrine pursuant to CPLR 203 (f) does not apply because the original complaint failed to provide notice thereof (*see Rende v Cutrofello*, 226 AD2d 694, 695). " 'It is well settled that lack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence' " (*Parese v Shankman*, 300 AD2d 1087, 1088). In addition, defendant would be prejudiced by an amended complaint and bill of particulars that added a claim for lack of informed consent because the new theory of liability would necessarily depend on the recollections of the parties, which unavoidably diminish over time and, furthermore, plaintiff failed to present a reasonable excuse for the delay. "While delay alone is insufficient to deny [leave] to amend, when unexcused lateness is coupled with prejudice to the opposing party, denial of [leave to amend] is justified" (*Clark v MGM Textiles Indus., Inc.*, 18 AD3d 1006, 1006; *see Pagan v Quinn*, 51 AD3d 1299).

Finally, plaintiff contends that, beginning in July 2000, he served discovery demands upon defendant and that he has not received an adequate response to those demands. The court, however, granted that part of plaintiff's motion for a conditional order of preclusion, requiring defendant to provide plaintiff with his credentialing file. To the extent that plaintiff contends in his brief that defendant has not produced other documents in response to his discovery demands, we note that plaintiff's brief does not identify the specific documents that defendant has not produced. We therefore are unable to review the merits of his contention.

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court