SHANIQUE TAYLOR, Plaintiff, v DARLENE DEUBELL, Defendant, FIRST STUDENT, INC., et al., Respondents, and MASTERS EDGE, INC., Appellant. [60 NYS3d 739]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 3, 2016. The order granted the motion of defendants First Student, Inc., and Firstgroup America, Inc. to amend their answer and add a cross claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained in May 2012 while she was a passenger in a bus driven by defendant Darlene Deubell and owned by defendants First Student, Inc. and Firstgroup America, Inc. (collectively, First defendants). The bus allegedly hit a pile of gravel left in the road by defendant Masters Edge, Inc. (Masters Edge) and struck a nearby house. The First defendants' answer, which was timely served on October 5, 2012, included a cross claim seeking indemnification and contribution from Masters Edge. After the trial on liability in 2015, the First defendants sought leave to amend their answer to include a second cross claim against Masters Edge for property damage and loss of use of the bus. Although the statute of limitations for the proposed cross claim had expired over seven months earlier (see CPLR 214 [4]), the First defendants contended that it should be permitted because it relates back to the original pleading (see CPLR 203 [f]). Supreme Court granted the motion. We affirm.

The determination whether to grant leave to amend a pleading rests within the court's sound discretion and will not be disturbed absent a clear abuse of that discretion (see e.g. Raymond v Ryken, 98 AD3d 1265, 1266 [2012]), and we conclude that the court did not abuse its discretion here. Although the amended answer added a new theory of recovery against Masters Edge, it arose out of the same occurrence set forth in the original pleadings, i.e., a motor vehicle accident allegedly caused by the negligence of Masters Edge (see CPLR 203 [f]; Duffy v Horton Mem. Hosp., 66 NY2d 473, 476-477 [1985]; Boxhorn v Alliance Imaging, Inc., 74 AD3d 1735, 1736 [2010]; Curiale v Ardra Ins. Co., 223 AD2d 445, 446 [1996]). Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.