Burke, Albright, Harter & Rzepka LLP v Sills (2020 NY Slip Op 05322)





Burke, Albright, Harter & Rzepka LLP v Sills


2020 NY Slip Op 05322


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


263 CA 19-01548

[*1]BURKE, ALBRIGHT, HARTER & RZEPKA LLP, AND BURKE, ALBRIGHT, HARTER & REDDY, LLP, PLAINTIFFS-RESPONDENTS,
v
AUDREY ELAINE SILLS, AS EXECUTOR OF THE ESTATE OF ANGELINE . SILLS, DECEASED, DEFENDANT-APPELLANT. 






PAUL A. ARGENTIERI, HORNELL, FOR DEFENDANT-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (CHRISTOPHER MILITELLO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Steuben County (Robert B. Wiggins, A.J.), entered January 31, 2019. The order granted plaintiffs' motion to dismiss all counterclaims and denied defendant's cross motion for, inter alia, leave to serve a third amended answer with counterclaims. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action in 2004 to recover fees for legal services rendered to Angeline V. Sills (decedent). Decedent, through a guardian, asserted various counterclaims in an amended answer. Decedent passed away in 2005 and, in 2008, defendant and one of her siblings, Robert Sills, were appointed coexecutors of decedent's estate. In 2010, Supreme Court granted plaintiffs' motion for partial summary judgment dismissing two of the counterclaims and granted the coexecutors' cross motion for leave to serve a second amended answer to assert additional counterclaims for fraud and breach of fiduciary duty. We affirmed that order, rejecting, inter alia, plaintiffs' contention that the court erred in failing to award them summary judgment dismissing the legal malpractice counterclaim (Burke, Albright, Harter & Rzepka, LLP v Sills, 83 AD3d 1413 [4th Dept 2011]). As a result of the motion and cross motion, the second amended answer was filed, asserting counterclaims for fraud, breach of fiduciary duty and legal malpractice.
In 2016, the third attorney to represent the coexecutors was granted permission to withdraw. In 2017, Robert passed away, and no further action occurred on the case until March 2018, when an attorney purporting to represent either defendant or decedent's estate submitted a letter to plaintiffs' counsel. That attorney ultimately filed a notice of appearance on behalf of, inter alia, defendant in May 2018. On June 11, 2018, plaintiffs served upon defendant a demand to resume prosecution (see CPLR 3216). After defendant failed to respond to the demand within the requisite 90-day period, plaintiffs moved to dismiss the counterclaims pursuant to CPLR 3216.
Rather than oppose the motion, defendant cross-moved for, inter alia, leave to serve a third amended answer with counterclaims on plaintiffs, "collectively and individually," and for leave to serve a third-party complaint against an insurance company and plaintiffs' defense lawyers, "individually and collectively." Defendant sought to assert a counterclaim and cause of action under Judiciary Law § 487. The court granted the motion and denied the cross motion, and we now affirm.
Contrary to defendant's contention, the court properly granted the motion and dismissed [*2]all of defendant's existing counterclaims. Defendant provided no explanation for her failure to respond to the 90-day demand and, in our view, that failure established a valid basis for dismissal. Although the court retains some discretion in determining whether to dismiss a cause of action or counterclaim under CPLR 3216, that section "presupposes that [the party opposing dismissal will] tender[ ] some excuse in response to the motion in an attempt to satisfy the statutory threshold" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 504 [1997] [emphasis added]; see Burridge v Gaines, 281 AD2d 967, 967 [4th Dept 2001]; see also Walker v City of New York, 87 AD3d 734, 735 [2d Dept 2011]; Grullon v Henry, 7 AD3d 342, 343 [1st Dept 2004]). "If [a party] unjustifiably fails to comply with the 90-day requirement, knowing full well that the action can be saved simply by filing a note of issue but is subject to dismissal otherwise, the culpability for the resulting dismissal is squarely placed at the door of [that party] or [its] counsel" (Baczkowski, 89 NY2d at 504-505).
Although defendant further contends that the court erred in denying the cross motion, defendant's contentions are limited to the court's denial of that part of the cross motion that sought leave to serve a third amended answer with further counterclaims against plaintiffs only. Defendant does not address the court's denial of that part of the cross motion that sought leave to add the individual attorneys in plaintiffs' firm to the instant action or that part of the cross motion that sought leave to serve a third-party complaint against an insurance company and the attorneys representing plaintiffs in this action. We thus deem those issues abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
It is well settled that "[l]eave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]). Here, there was a 14-year delay between the time the complaint was filed and the time defendant sought leave to amend the answer to add the new counterclaim. Nevertheless, " '[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). "Prejudice may be found where a party has incurred some change in position or hindrance in the preparation of its case which could have been avoided had the original pleading contained the proposed amendment" (Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 293 [1998]).
We conclude that plaintiffs established significant prejudice resulting from the delay inasmuch as their primary witness died in 2017 and another significant witness suffers from dementia and is unable to recall the events underlying the proposed amendment (see e.g. Slavet v Horton Mem. Hosp., 227 AD2d 465, 466 [2d Dept 1996]; Chemicraft Corp. v Honeywell Protection Servs., 161 AD2d 250, 250 [1st Dept 1990]). Moreover, defendant has failed to offer any excuse for the delay in attempting to assert the new counterclaim. "Where[, as here,] there has been an extended delay in moving to amend, the party seeking leave to amend must establish a reasonable excuse for the delay" (Jablonski v County of Erie, 286 AD2d 927, 928 [4th Dept 2001] [emphasis added]; see Raymond v Ryken, 98 AD3d 1265, 1266 [4th Dept 2012]; J.B. Stauffer Constr. Co., Inc. v Mailloux, 35 AD3d 1207, 1207 [4th Dept 2006]). "Given [defendant's] extensive and unexplained delay in seeking to amend [the second amended answer] based on facts that were known to [defendant] since the onset of the litigation" and the substantial prejudice to plaintiffs resulting from the delay, we see no basis to disturb the court's discretionary determination to deny the cross motion (Schelchere v Halls, 120 AD3d 788, 788 [2d Dept 2014]; see Raymond, 98 AD3d at 1266; Gross, Shuman, Brizdle & Gilfillan v Bayger, 256 AD2d 1187, 1187 [4th Dept 1998]).
Based on our determination, we do not address defendant's remaining contentions.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court