Degenfelder v Williamsville Suburban, LLC (2022 NY Slip Op 01694)





Degenfelder v Williamsville Suburban, LLC


2022 NY Slip Op 01694


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


953 CA 20-01165

[*1]TINA M. DEGENFELDER, AS ADMINISTRATRIX OF THE ESTATE OF DOROTHY M. CONROW, DECEASED, PLAINTIFF-RESPONDENT,
v
WILLIAMSVILLE SUBURBAN, LLC, GOLDEN LIVING CENTERS, LLC, KALEIDA HEALTH, DOING BUSINESS AS MILLARD FILLMORE SUBURBAN HOSPITAL, AND KALEIDA HEALTH, DEFENDANTS-APPELLANTS. 






CAITLIN ROBIN & ASSOCIATES PLLC, BUFFALO (MARK A. LAUGHLIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS WILLIAMSVILLE SUBURBAN, LLC AND GOLDEN LIVING CENTERS, LLC.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (AMANDA C. ROSSI OF COUNSEL), FOR DEFENDANTS-APPELLANTS KALEIDA HEALTH, DOING BUSINESS




 Appeals from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered August 4, 2020. The order, among other things, granted plaintiff's motion to amend her complaint. 
Now, upon reading and filing the stipulation of discontinuance with respect to defendants Kaleida Health, doing business as Millard Fillmore Suburban Hospital, and Kaleida Health, signed by the attorneys for the parties on February 2 and 7, 2022,
It is hereby ORDERED that the appeal by defendants Kaleida Health, doing business as Millard Fillmore Suburban Hospital, and Kaleida Health is dismissed upon stipulation, and the order is affirmed without costs.
Memorandum: Plaintiff, in her capacity as power of attorney for Dorothy M. Conrow (decedent), commenced this personal injury action in 2015 to recover damages for injuries sustained by decedent. Decedent passed away approximately three weeks after the complaint was filed. In 2016, plaintiff was appointed administratrix of decedent's estate and was substituted as the named plaintiff in that capacity. In June 2020, plaintiff moved for leave to amend the complaint to add a claim for wrongful death. Supreme Court, inter alia, granted plaintiff's motion, and Williamsville Suburban, LLC and Golden Living Centers, LLC (defendants) appeal.
The decision whether to grant leave to amend a pleading rests within the sound discretion of the trial court and "will not be disturbed absent a clear abuse of that discretion" (Raymond v Ryken, 98 AD3d 1265, 1266 [4th Dept 2012]; see Taylor v Deubell, 153 AD3d 1662, 1662 [4th Dept 2017]), and we conclude that the court did not abuse its discretion here. The wrongful death cause of action "arose out of the same occurrence[s] set forth in the original pleadings" (Taylor, 153 AD3d at 1662; see CPLR 203 [f]; Caffaro v Trayna, 35 NY2d 245, 250-251 [1974]), and defendants failed to demonstrate that they would be unduly prejudiced if the motion were granted (see Caffaro, 35 NY2d at 250-251; Wojtalewski v Central Sq. Cent. Sch. Dist., 161 [*2]AD3d 1560, 1561 [4th Dept 2018]). Finally, defendants failed to demonstrate that the proposed amendment was palpably insufficient or patently devoid of merit (see Holst v Liberatore, 105 AD3d 1374, 1374 [4th Dept 2013]).
All concur except Carni, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court