Weldon v McMahon (2022 NY Slip Op 04240)

Weldon v McMahon

2022 NY Slip Op 04240

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

289 CA 21-01448

[*1]AMANDA WELDON, PLAINTIFF-RESPONDENT,
v
DANA N. MCMAHON, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
STANLEY LAW OFFICES, SYRACUSE (JAMIE M. RICHARDS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered April 14, 2021. The order denied the motion of defendant Dana N. McMahon for leave to file an amended answer. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the motion is granted.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle was struck by a vehicle owned by Dana N. McMahon (defendant) and operated by Alison L. Argy. Defendant appeals from an order that denied his motion for leave to amend his answer.
We agree with defendant that Supreme Court abused its discretion in denying his motion. "Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a [pleading] is committed to the sound discretion of the court" (Palaszynski v Mattice, 78 AD3d 1528, 1528 [4th Dept 2010] [internal quotation marks omitted]; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]).
" 'Prejudice may be found where a party has incurred some change in position or hindrance in the preparation of its case which could have been avoided had the original pleading contained the proposed amendment' " (Burke, Albright, Harter & Rzepka LLP v Sills, 187 AD3d 1507, 1509 [4th Dept 2020], quoting Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 293 [1998]). The nonmoving party bears the burden of establishing prejudice (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Wojtalewski v Central Sq. Cent. Sch. Dist., 161 AD3d 1560, 1561 [4th Dept 2018]).
Here, plaintiff failed to identify any prejudice arising from the proposed amendment (see Greco v Grande, 160 AD3d 1345, 1346 [4th Dept 2018]; Williams v New York Cent. Mut. Fire Ins. Co. [appeal No. 2], 108 AD3d 1112, 1114 [4th Dept 2013]; Bryndle v Safety-Kleen Sys., Inc., 66 AD3d 1396, 1396 [4th Dept 2009]), and the evidence submitted by defendant in support of his motion established that the proposed amendment is not patently without merit (see Bryndle, 66 AD3d at 1396; see also Great Lakes Motor Corp. v Johnson, 156 AD3d 1369, 1371 [4th Dept 2017]; Holst v Liberatore, 105 AD3d 1374, 1374-1375 [4th Dept 2013]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court