Patel v Shenoy (2024 NY Slip Op 02405)

Patel v Shenoy

2024 NY Slip Op 02405

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

104 CA 23-00206

[*1]NIKHIL PATEL, M.D., AND NIKHIL PATEL PHYSICIAN, PLLC, PLAINTIFFS-APPELLANTS,
v
SADASHIV S. SHENOY, M.D., AND SADASHIV S. SHENOY, M.D., PLLC, DEFENDANTS-RESPONDENTS. 

ADAMS LECLAIR LLP, ROCHESTER (ROBERT P. YAWMAN, III, OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GARVEY LAW, P.C., BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 13, 2022. The order, among other things, denied that part of the motion of plaintiffs seeking to dismiss defendants' counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs and defendants entered into an agreement whereby, inter alia, plaintiff Nikhil Patel, M.D. provided professional medical services for defendant Sadashiv S. Shenoy, M.D., PLLC (medical practice) in exchange for one-half of the medical practice's net profits. Eight years later, defendants gave notice that they were terminating the agreement. Plaintiffs, in turn, gave notice that they were exercising their option to purchase the medical practice pursuant to a provision in the agreement. After defendants failed to respond to that notice, plaintiffs commenced the instant action alleging that defendants, inter alia, breached the agreement. After discovery and some motion practice, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) or, in the alternative, for leave to amend their answer pursuant to CPLR 3025 (b) to add a counterclaim seeking to recover overpayments of funds to plaintiffs. Supreme Court issued an order in which it determined that defendants' time to move for dismissal had expired, but the court chose to "treat the application as one for summary judgment, pursuant to CPLR 3212." The court then denied defendants' motion to the extent that it sought summary judgment dismissing the complaint, but granted defendants' motion to the extent that it sought leave to amend the answer and assert the counterclaim for overpayment. Plaintiffs thereafter moved to dismiss the counterclaim and for leave to reargue their opposition to defendants' motion. Plaintiffs now appeal from an order that granted that part of plaintiffs' motion seeking leave to reargue and, upon reargument, adhered to the determination in the prior order, and denied that part of plaintiffs' motion seeking to dismiss the counterclaim. We affirm.
Here, upon reargument, the court did not err when it adhered to its prior determination to grant that branch of defendants' motion for leave to amend the answer to assert the counterclaim. "It is axiomatic that [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1592 [4th Dept 2016] [internal quotation marks omitted]). Here, contrary to plaintiffs' contention, the proposed counterclaim is not patently lacking in merit inasmuch as it alleges a cause of action for money had and received based on the allegations that plaintiffs received money that belonged to defendants, specifically revenue from "call contracts" that were not to be included in the gross profits of the medical practice (see generally Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018]; Lebovits v Bassman, 120 AD3d 1198, 1199 [2d Dept 2014]). Furthermore, plaintiffs [*2]failed to show that they were prejudiced inasmuch as the call contract revenues were in dispute from the commencement of the litigation, and thus the amendment to the answer did not cause plaintiffs to "incur some change in position or hindrance in the preparation of their case" (Burke, Albright, Harter & Rzepka LLP v Sills, 187 AD3d 1507, 1509 [4th Dept 2020]).
We reject plaintiffs' further contention that the court erred in denying their motion insofar as it sought a ruling that, under the statute of limitations, defendants could seek damages pursuant to the counterclaim only for the six-year period ending on the date defendants moved for leave to amend their answer to add the counterclaim. Pursuant to CPLR 203 (f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice to the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." A counterclaim in an amended answer cannot " 'relate back under the amended pleading provision where defendant's answer contained only general denials' " (Joseph Barsuk, Inc. v Niagara Mohawk Power Corp., 281 AD2d 875, 876 [4th Dept 2001], lv dismissed 97 NY2d 638 [2001]). Here, defendants' initial answer contained a variety of affirmative defenses, including for unjust enrichment, failure to state a cause of action, and inadequacy of consideration, which, read together, show that the counterclaim relates back to the initial pleading (see Herkimer County Indus. Dev. Agency v Village of Herkimer, 124 AD3d 1298, 1300 [4th Dept 2015]; Fortin v Hill & Markes, 2 AD3d 934, 936 [3d Dept 2003]), and therefore the counterclaim is deemed to have been interposed at the time of the initial pleading (see CPLR 203 [f]).
Plaintiffs further contend that the court erred in converting defendants' motion to dismiss to a motion for summary judgment. However, plaintiffs are not aggrieved by that part of the order because the court denied that portion of defendants' motion (see CPLR 5511; see generally Kavanaugh v Kavanaugh, 200 AD3d 1568, 1571 [4th Dept 2021]).
We have considered plaintiffs' remaining contentions and conclude that they are without merit.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court